No. 3--04--0690

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2005

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit, 

 ) Will County, Illinois,

Plaintiff-Appellee, ) 

 )

v. ) No. 04--CF--308

 ) 

WILLIAM L. HINTON, ) Honorable

                                ) Robert P. Livas,

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

JUSTICE BARRY delivered the Opinion of the court: 

________________________________________________________________ 

The defendant, William L. Hinton, was charged with two counts of aggravated battery (720 ILCS 5/12--4(b)(6) (West 2004)) and one count of domestic battery (720 ILCS 5/12--3.2(a)(2) (West 2004)).  He waived his sixth amendment (U.S. Const., amend. VI) right to counsel and proceeded 
pro
 
se
.  The defendant then pled guilty to all three charges pursuant to a fully negotiated agreement.  The trial court sentenced the defendant to two concurrent two-year terms of imprisonment for the aggravated battery counts.

At the sentencing hearing, the trial court admonished the defendant that if indigent, he would be appointed counsel regarding proceedings on a postplea motion.  The defendant then filed a 
pro
 
se
 motion to withdraw his guilty plea.  Thereafter, the court did not appoint counsel for the defendant regarding the motion.  The court dismissed the defendant's motion.

On appeal, the defendant argues that the trial court did not comply with Supreme Court Rule 604(d) (
188 Ill. 2d R. 604(d)
) because it failed to appoint counsel concerning his motion to withdraw the plea.  The State contends that the defendant's earlier waiver of the right to counsel applied to the proceedings regarding his postplea motion.  We hold that the defendant's previous waiver of the right to counsel was inapplicable to the postplea proceedings.  Thus, we reverse and remand.

BACKGROUND

When the complaint was filed, the trial court appointed counsel for the defendant.  Later, the court granted the appointed attorney's motion to withdraw from the case.  The defendant stated that he did not wish to be represented by counsel and that he intended to proceed 
pro
 
se
 to a jury trial.  The judge questioned the defendant extensively concerning his waiver of the right to counsel and repeatedly admonished him regarding the consequences of proceeding 
pro
 
se
.  The court then found that the defendant had knowingly and intelligently waived his right to counsel.  The defendant represented himself during jury selection.

On the date set for trial, the defendant announced to the court that he wished to speak with the prosecutor.  After the defendant and the prosecutor conferred, the prosecutor informed the court that the parties had reached a plea agreement.  The defendant agreed to plead guilty to the offenses in exchange for the State's recommendation of a two-year prison sentence.  After hearing the State's factual basis, the court accepted the defendant's guilty plea.

The trial court imposed the two-year sentence, and the judge then admonished the defendant concerning the procedures necessary to perfect an appeal.  Among these admonishments, the judge said, "[I]f you are indigent, *** [a]n attorney would be appointed *** to assist you in the preparation of [a postplea] motion."  The defendant indicated that he understood the admonishments.

The trial court issued its sentencing order on August 2, 2004.  On August 10, 2004, the defendant filed a 
pro
 
se
 document with the court titled "Affidavit."  In this document, the defendant stated, "I *** will like to withdraw, my 'plea of guilty,' to 'not guilty,' *** and will like to proceed, with a 'bench trial'."  The court construed the document as a motion to withdraw the guilty plea.

The trial court held a hearing on the defendant's motion on August 11, 2004, at which the defendant proceeded 
pro
 
se
.  The judge asked the defendant to state the reason he wished to withdraw his guilty plea.  The defendant said that he was waiving his right to a jury trial and wished to proceed with a bench trial.  The judge explained to the defendant that he had previously waived his right to a jury trial when he pled guilty.  When the judge asked the defendant again for the legal basis to withdraw his guilty plea, the defendant repeated his desire for a bench trial.  The prosecutor asked the court to strike the defendant's motion because "[i]t doesn't plead anything that you can grant relief upon."  After further discussion among the judge, the prosecutor, and the defendant, the judge said, "At this moment the motion that [the defendant] has filed has been dismissed.  You still have an opportunity to file a legal reason to allow me to withdraw your guilty plea and sentence imposed."  The defendant appealed.

ANALYSIS

The defendant submits that the trial court failed to comply with Rule 604(d) because it did not appoint counsel regarding his motion to withdraw the guilty plea.  The State asserts that the defendant's earlier waiver of the right to counsel applied to the proceedings concerning the motion to withdraw the guilty plea.

We review a trial court's compliance with supreme court rules 
de
 
novo
.  
People v. Jones
, 349 Ill. App. 3d 255, 812 N.E.2d 32 (2004).

At the time the trial court ruled on the defendant's motion, Rule 604(d) stated that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court[,] *** if the plea is being challenged, a motion to withdraw the plea."  
188 Ill. 2d R. 604(d)
.  When such a motion is filed, "[t]he trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel."  
188 Ill. 2d R. 604(d)
.

In 
People v. Wilk
, 124 Ill. 2d 93, 529 N.E.2d 218 (1988)
, the Illinois Supreme Court said that 
Rules 604(d) and 605(b) must be read together.  Rule 605(b) states that after a defendant has pled guilty and has been sentenced, the trial court must give certain admonishments concerning how to perfect an appeal.  Among other admonishments, the court must advise the defendant concerning the postplea motions he is to file.  The court is also to admonish the defendant "that if the defendant is indigent, *** counsel will be appointed to assist the defendant with the preparation of the motions."  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b)(5), eff. October 1, 2001.

The court in 
People v. Ledbetter
, 174 Ill. App. 3d 234, 528 N.E.2d 375 (1988), observed that although Rule 604(d) contains language concerning whether an indigent defendant "desires counsel," Rule 605(b) lacks the "desires counsel" language regarding appointing counsel.  The 
Ledbetter
 court pointed out that, under Rule 605(b), the trial court was required to admonish a defendant that "counsel will be appointed" for an indigent defendant.  Reading the two rules together, the 
Ledbetter
 court
 held that a trial court is required to appoint counsel to an indigent defendant, unless the defendant knowingly and intelligently waives the right to counsel granted by Rule 604(d).  Citing 
Ledbetter
,
 this court said that, "the trial judge is obligated to appoint counsel in post-plea proceedings, even without a specific request from an indigent defendant, unless [the court] finds that the defendant knowingly waives the right to appointed counsel." 
 
People v. Barnes
, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (1997).

In this case, the State contends that the defendant's earlier waiver of counsel was applicable to the proceedings regarding his postplea motion.  In other words, the State argues that the defendant knowingly waived his right to postplea counsel by knowingly waiving his right to counsel at an earlier stage in his criminal proceedings.  See 
Barnes
, 291 Ill. App. 3d 545, 684 N.E.2d 416.

The State cites 
People v. Baker
, 92 Ill. 2d 85, 440 N.E.2d 856 (1982); 
People v. Redd
, 173 Ill. 2d 1, 670 N.E.2d 583 (1996); and 
People v. Cunningham
, 294 Ill. App. 3d 702, 690 N.E.2d 1389 (1997), for the proposition that the defendant's waiver of the right to counsel carried through the proceedings concerning his postplea motion.  Though 
Baker
 and 
Redd
 concerned whether a defendant's waiver of the right to counsel at trial carried through the sentencing hearing, these two cases did not concern guilty plea proceedings, Rule 605(b) admonishments, Rule 604(d) requirements, and postplea motion proceedings, as in the instant case.  We find 
Baker
 and 
Redd
 to be procedurally distinguishable from the present case, and therefore inapplicable.

In 
Cunningham
, 294 Ill. App. 3d 702, 690 N.E.2d 1389, the defendant waived his right to counsel and proceeded 
pro
 
se
.  The trial court accepted the defendant's guilty plea, and he was sentenced.  Three days later, the defendant sent a 
pro
 
se
 letter to the court asking for a copy of the type of motion an attorney would file in order to withdraw his guilty plea.  In the letter, the defendant indicated that he wished to act as his own attorney regarding the motion to withdraw the plea.  The 
Cunningham
 court ruled that, under the circumstances of the case, the trial court did not err by failing to ask the defendant if he wished to have counsel appointed for his motion to withdraw the plea.

We find 
Cunningham
 to be factually distinguishable from the present case.  Unlike the defendant in 
Cunningham
, the defendant in the instant case did not indicate to the trial court that he wished to act as his own attorney regarding the motion to withdraw the guilty plea.  Thus, we also find the holding of 
Cunningham
 to be inapposite to the present case.

The Illinois Supreme Court has stated that, " '[b]ecause of the strict waiver requirements of Rule 604(d) (any issue not raised by the defendant in his motion to withdraw his guilty plea is deemed waived), fundamental fairness requires that the defendant have the assistance of counsel in preparing and presenting his [postplea] motion.' "  
People v. Janes
, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994)
 (quoting 
People v. Dickerson
, 212 Ill. App. 3d 168, 570 N.E.2d 902 (1991)
, with approval
).

In this case, the record shows that the defendant knowingly waived his sixth amendment right to counsel and proceeded 
pro
 
se
 through the sentencing hearing.  However, after the defendant was sentenced, the trial court admonished him, according to Rule 605(b), that if he wished to appeal and was indigent "[a]n attorney would be appointed for" him regarding his motion to withdraw the guilty plea.  Because the trial court advised the defendant that counsel "would be appointed" concerning his postplea motion, the defendant's earlier waiver of counsel was inapplicable.  The
 trial judge was obligated to appoint counsel in the postplea proceedings, even without a specific request from the defendant, absent a finding that the defendant had knowingly waived the right to appointed counsel. 
 See 
Barnes
, 291 Ill. App. 3d 545, 684 N.E.2d 416.  Because the court did not appoint counsel or obtain a knowing waiver of the defendant's right to counsel to assist him with his postplea motion, we hold that the trial court erred as a matter of law by failing to comply with Rule 604(d).

CONCLUSION

For the foregoing reasons, we reverse the judgment of the Will County circuit court dismissing the defendant's motion to withdraw the guilty plea, and remand the cause for further proceedings.

Reversed and remanded.

LYTTON and SCHMIDT, J. J. concurring.