FIFTH DIVISION
March 31, 2006

No. 1-04-1289

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH SMITH, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Colleen McSweeney-Moore, |
| | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Kenneth Smith pleaded guilty to first degree murder and was sentenced to 25 years in prison. On appeal, defendant contends that his right to counsel was violated when the trial court heard his *pro se* motion to vacate his guilty plea without determining whether he desired counsel and without securing a waiver of that right. Defendant further contends that the compulsory extraction of his blood and the perpetual storing of his DNA profile violated his constitutional right to be free from unreasonable searches and seizures.

BACKGROUND

On January 12, 2004, defendant entered a negotiated plea of guilty to one count of first degree murder and received a 25-year sentence. The trial court found the plea was knowing and voluntary and found the factual basis presented by the State to be sufficient to support the plea. On the same date, the trial court also entered an order directing defendant to produce a blood sample for forensic DNA testing.

Defendant thereafter drafted a *pro se* motion to withdraw his guilty plea, and on February 10, 2004, he placed it into the prison mail system. The clerk filed the motion on February 19, 2004. In the motion, defendant alleged that (1) two public defenders that represented him, Anthony Eben and Rodney Carr, were ineffective for failing to investigate and violated his right to a speedy trial; (2) his plea was coerced; (3) attorney Carr had a conflict of interest; and (4) his case was pleaded in order to benefit him in an unrelated case and in order to benefit Carr and the prosecutor.

On February 20, 2004, the trial court held a hearing on the motion at which defendant was not present. At the hearing, defendant's attorney, Rodney Carr, informed the court that defendant had made allegations in his motion against both Carr and prior counsel, Anthony Eben. The trial court passed the case in order to writ defendant in for the hearing and noted, "I may need to appoint private counsel if this [is] going to get to a hearing."

On March 15, 2004, the trial court again heard the *pro se* motion to withdraw the guilty plea, this time with defendant present. The trial court asked defendant if he wished to make argument or preferred to stand on his motion. Defendant responded that he would stand on the motion, stating, "Well, yes. It is [*sic*] a lot of things going on. I guess I'm ready. I stand on my instrument." After hearing argument from attorney Carr, who was present but not acting as defendant's attorney, the assistant State's Attorney, and defendant himself, the trial court found no basis to withdraw the plea. The court concluded that defendant sought to withdraw his guilty plea "not due to any errors in the proceeding or on the part of his attorney, but rather simply because apparently he has changed his mind," and that defendant was "a bold-face liar." Finding

2

that the record supported the conclusion that defendant's guilty plea was knowing and voluntary, the trial court denied the motion to withdraw the plea.

ANALYSIS

On appeal, defendant contends that his right to counsel was violated when the trial court allowed him to proceed *pro se* on his motion to vacate the guilty plea without determining whether he desired counsel and without securing a waiver of the right. Defendant further contends that the compulsory extraction of his blood and the perpetual storing of his DNA profile violates his constitutional right to be free from unreasonable searches and seizures.

I. Right to Counsel

Defendant contends that contrary to constitutional requirements (U.S. Const., amend. VI; Ill. Const.1970, art. I, § 8) and Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), the trial court heard his *pro se* motion to vacate the guilty plea without first determining whether he desired the assistance of counsel and securing a waiver of that right. Generally, a reviewing court should not reach constitutional issues if the case can be determined on other grounds. *People v. Nash*, 173 Ill. 2d 423, 432 (1996). Here, we need not address defendant's constitutional arguments because we are able to resolve the issue presented by applying Supreme Court Rule 604(d). We review a trial court's compliance with supreme court rules *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004).

At the time the trial court ruled on defendant's *pro se* motion to vacate his guilty plea, Supreme Court Rule 604(d) provided that if a defendant is challenging a guilty plea, "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days

of the date on which sentence is imposed, files in the trial court *** a motion to withdraw the plea." 188 Ill. 2d R. 604(d). When such a motion is filed, "[t]he trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 188 Ill. 2d R. 604(d).

When a *pro se* defendant indicates to the circuit court that he wishes to withdraw his guilty plea and appeal, the protections offered by Rule 604(d), *i.e.*, the appointment of counsel and the attorney certificate, are automatically triggered. See, *e.g.*, *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999) ("After a defendant demonstrates his desire to appeal, the trial judge is obligated to inquire whether the defendant seeks counsel"). "Because of the 'strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion.'" *People v. Velasco*, 197 Ill. App. 3d 589, 591-92 (1990), quoting *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38 (1988); see also *People v. Pegues*, 277 Ill. App. 3d 884, 888 (1996); *People v. Barnes*, 263 Ill. App. 3d 736, 738-39 (1994); *People v. Adams*, 74 Ill. App. 3d 727, 731 (1979); *People v. Moore*, 45 Ill. App. 3d 570, 572 (1976).

A trial judge is obligated to appoint counsel in post-plea proceedings, even without a specific request from the defendant, unless the trial court finds that the defendant knowingly waived the right to appointed counsel. *People v. Hinton*, 362 Ill. App. 3d 229, 232 (2005). In *Hinton*, the defendant filed a *pro se* motion to withdraw his guilty plea. *Hinton*, 362 Ill. App. 3d at 230. At the hearing on the motion, the trial court did not appoint counsel or obtain a knowing waiver of the defendant's right to counsel, but proceeded to dismiss the motion. *Hinton*, 362 Ill. App. 3d at 232. On appeal, this court found that the trial court erred as a matter of law by failing to comply with Rule 604(d), reversed, and remanded. *Hinton*, 362 Ill. App. 3d at 234.

The *Hinton* court explained that Supreme Court Rules 604(d) and 605(b) must be read together. *Hinton*, 362 Ill. App. 3d at 232, citing *People v. Wilk*, 124 Ill. 2d 93, 103 (1988). Under Rule 605(b), after a defendant has pleaded guilty and has been sentenced, the trial court must give certain admonishments concerning how to perfect an appeal, including an admonishment concerning the postplea motions that must be filed and an admonishment that "if the defendant is indigent, *** counsel will be appointed to assist the defendant with the preparation of the motions." Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(b)(5), eff. October 1, 2001. The *Hinton* court explained that when read together, Rules 604(d) and 605(b) require a trial court to appoint counsel to an indigent defendant in postplea proceedings unless the trial court finds that defendant knowingly and intelligently waives the right to counsel. *Hinton*, 362 Ill. App. 3d at 232-33, citing *Ledbetter*, 174 Ill. App. 3d at 234. The *Hinton* court rejected the State's argument that the defendant's waiver of his right to counsel at an earlier stage in his criminal proceedings was applicable to the proceedings regarding the

motion to withdraw the guilty plea. *Hinton*, 362 Ill. App. 3d at 232.

Here, as in *Hinton*, after defendant was sentenced, the trial court admonished him according to Rule 605(b) that if he wished to appeal and was "without funds to hire an attorney or to pay for a transcript of the proceedings, those will be given to you." Then, at the hearing on the *pro se* motion to withdraw the guilty plea, the trial court addressed defendant as follows:

> "THE COURT: The Defendant filed a *pro se* motion to withdraw his plea of guilty and vacate his sentence, and it was docketed on the last date, which was 2-20.
>
> Mr. Smith, are you ready to proceed on your motion? Do you have any additional argument other than what is contained in your motion?
>
> THE DEFENDANT: Well, yes. It is [*sic*] a lot of things going on. I guess I'm ready. I stand on my instrument.
>
> THE COURT: You stand on what you wrote?
>
> THE DEFENDANT: I stand on what I wrote."

Following this short exchange, the trial court addressed defendant's former attorney and the Assistant State's Attorney, asking for their responses to the written motion.

Once defendant filed his *pro se* motion to withdraw his guilty plea, the trial court was obligated either to appoint counsel, even without a specific request from defendant, or to make a finding that defendant knowingly waived the right to appointed counsel. See *Hinton*, 362 Ill. App. 3d at 233. Here, the trial court asked defendant whether he wished to proceed on his

motion or make additional argument.  However, the trial court did not appoint counsel for defendant, inquire whether defendant sought counsel, or obtain a knowing waiver of defendant's right to counsel to assist him with his postplea motion.  Accordingly, we find that the trial court failed to comply with Rule 604(d).

The State asserts that despite the trial court's noncompliance with Rule 604(d), a remand is not necessary in this case because defendant has not established that the denial of his motion caused him prejudice.  We disagree.  In *People v. Janes*, 158 Ill. 2d 27, 34 (1994), our supreme court explicitly rejected the State's argument that "when it can be determined on the record that a defendant has not been prejudiced by any violations of Rule 604(d), a remand for new proceedings would serve no purpose."  Moreover, the State's argument in this case invites us to weigh the merits of the arguments set forth in defendant's *pro se* motion.  In *People v. Barnes*, 291 Ill. App. 3d 545, 551 (1997), the court held that "[i]t would be contrary to the purpose of [Rules 604(d) and 605(b)] to draw a legal conclusion about a defendant's [postplea] motion before he has had the opportunity to consult with an attorney to ensure that there is legally 'adequate presentation of any defects' in his guilty plea proceedings."  Following the authority of *Janes* and the reasoning of *Barnes*, we reject the State's argument and conclude that this case must be remanded.

## II.  DNA Profile

Defendant contends that the compulsory extraction of his blood and the perpetual storing of his DNA profile pursuant to section 5-4-3 of the Unified Code of Corrections (730 ILCS 5/5-4-3 (West 2002)) violates his constitutional right to be free from unreasonable searches and

seizures. Because we are remanding this case for further proceedings, it would be premature to rule on this issue at this time.

CONCLUSION

For the reasons explained above, we reverse the judgment of the circuit court denying defendant's motion to withdraw the guilty plea and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

GALLAGHER, P.J., and O'BRIEN, J., concur.