2014 IL App (2d) 130924
No. 2-13-0924
Opinion filed December 10, 2014

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 10-CF-1253 |
| | ) ) | Honorable |
| ALIA BERNARD, | ) ) | Allen M. Anderson and M. Karen Simpson, |
| Defendant-Appellant. | ) | Judges, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Burke and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Alia Bernard, appeals from the trial court's denial of her motions to withdraw her guilty plea and reconsider her sentence.    We vacate and remand for further proceedings.

¶ 2                                I. BACKGROUND

¶ 3    Defendant was charged with two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2008)) and one count of driving under the influence (any amount of cannabis) (625 ILCS 5/11-501(a)(6) (West 2008)), arising out of a May 24, 2009, motor vehicle collision that resulted in the deaths of Wade and Denise Thomas.    The grand jury indictments lodging these charges were returned in May 2010.    Defendant posted bond on May 20, 2010.

¶ 4    After the trial court denied various pretrial motions in March 2011, the case was continued for trial to June 13, 2011.   However, on May 17, 2011, the grand jury returned a five-count "Re-Indictment" that charged, in addition to the three counts in the original indictment, two counts of aggravated driving under the influence (aggravated DUI) (625 ILCS 5/11-501(d)(1)(F) (West 2008)) (counts I and II).[1]   The trial date was stricken, and the matter was continued for defendant to file any motions relating to the new indictment.   Defendant filed a motion to find the aggravated DUI statute unconstitutional, which the trial court denied on October 28, 2011.

¶ 5    On December 9, 2011, defendant entered "unconditional (COLD)" pleas of guilty to the two counts of aggravated DUI.   The State nol-prossed the remaining charges.   On February 8, 2012, following a sentencing hearing, the trial court, Judge Allen M. Anderson presiding, sentenced defendant to concurrent terms of seven years in the Department of Corrections.   On February 15, 2012, defendant filed a timely motion to reduce the sentence, praying the court to either: (1) find that "extraordinary circumstances exist and impose a period of probation"; (2) recommend that defendant be placed in the impact incarceration program; or (3) reduce her sentence to six years.

¶ 6    On March 22, 2012, attorney Michelle Moore entered her appearance as additional counsel for defendant.[2]   On June 22, Moore filed a motion to withdraw the plea and dismiss the aggravated DUI charges, raising issues of compulsory joinder, speedy trial, and ineffective assistance of counsel.   The trial court continued the case for a hearing on both motions.   On

---

[1] We note that, while both counts I and II initially alleged violations of "Section 5/11-501(d)(1)(F)," the "(d)(1)(F)" was scratched out and a handwritten "a" was inserted.

[2] Defendant's original attorney subsequently moved to withdraw.

August 15, 2012, the trial court denied the motion to withdraw the plea, stating: "one, I don't think that it was timely, [two] if it were timely I do not believe that the argument raised is sufficient to cause the plea of guilty to be withdrawn, at least under the arguments that I've heard so far." After additional argument on defendant's motion to reduce the sentence, the trial court reduced the sentence to six years in the Department of Corrections, the minimum sentence allowed. Defendant timely appealed from the August 15 order, specifying both the denial of her motion to withdraw the plea and "the Court's Failure to Exercise Discretion at Sentencing, and Entry of an Order Granting in Part and Denying in Part Defendant's Motion to Reconsider Sentence."

¶ 7 In this court, defendant filed a motion for an immediate remand, noting that a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) had not been filed; as strict compliance with Rule 604(d) is required, defendant requested an immediate remand for Rule 604(d) compliance with leave to refile a notice of appeal. This court entered an order granting the motion and remanding the cause to the trial court for Rule 604(d) compliance. *People v. Bernard*, No. 2-12-0928 (Feb. 22, 2013) (minute order).

¶ 8 On May 10, 2013, defendant filed an "AMENDED MOTION TO WITHDRAW PLEA AND DISMISS AGGRAVATED DRIVING UNDER THE INFLUENCE CHARGES AND TO RECONSIDER SENTENCE, PURSUANT TO REMAND." Defendant's arguments regarding withdrawing the plea were the same as in her original motion, with the addition of citations to recent case law. Counsel also filed a Rule 604(d) certificate. The trial court, Judge M. Karen Simpson now presiding, denied the motion on August 21, 2013. The court recounted the procedural history of the case up to the filing of the original motion to withdraw the plea. The court then found that it "lacks jurisdiction with respect to the Motion to Withdraw the Plea of

Guilty, and I further note that the Defendant failed to seek any extension of time for filing the Motion to Withdraw the Plea of Guilty." The court then addressed the issues of speedy trial, compulsory joinder, and ineffective assistance and concluded that "the issue with respect to the dismissing the charges because of the compulsory joinder speedy trial issue, that is denied." Finally, the court denied the motion to reconsider the sentence, stating:

> "I did have an opportunity to review and read the transcript from the Sentencing Hearing and then I note that when the matter did come back before Judge Anderson, when this request was made previously, Judge Anderson did, in fact, reconsider and in fact changed the Defendant's sentence. I don't see that there's anything new that has been presented to this Court in this regard, so the Motion is denied."

This appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10    Our supreme court has held that the appropriate remedy for defense counsel's failure to file a Rule 604(d) certificate is:

> "a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531 (2011).

It is axiomatic that, when this court remands a cause for the filing of a new motion (if necessary) and a hearing on a new motion, the order that is the subject of the appeal is vacated. An order that is left intact does not require a remand for further proceedings. A vacated judgment is nullified, canceled, and void. *In re K.S.*, 365 Ill. App. 3d 566, 577 (2006). Thus, the trial court's August 15, 2012, order denying defendant's motion to withdraw the guilty plea and

granting in part the motion to reconsider the sentence was vacated when this court issued its summary remand on February 22, 2013. It is also axiomatic that amended pleadings supersede prior pleadings. See *People v. Cross*, 144 Ill. App. 3d 409, 412 (1986) ("[A]s a general rule, an amendment which is complete in itself and which makes no reference to the prior pleading supersedes it, and the original pleading ceases to be a part of the record, being in effect abandoned or withdrawn."). Defense counsel apparently concluded "that a new motion is necessary" (*Lindsay*, 239 Ill. 2d at 531) and clearly took advantage of the opportunity to file a new motion, to both withdraw the guilty plea and reconsider the sentence. Thus, defendant's prior motions to withdraw the plea and reconsider the sentence were superseded by her combined motion after remand.

¶ 11    However, the trial court and the State appeared to be confused as to the status of defendant's prior motions and the trial court's order disposing of them. In both its written response to defendant's combined motion and at oral argument on the motion, the State contended that the court lacked jurisdiction to hear the motion to withdraw the plea, because defendant did not timely file her original motion to withdraw the plea. On remand, in ruling on defendant's motion to withdraw the plea, the trial court found that it lacked "jurisdiction with respect to the Motion to Withdraw the Plea of Guilty, and I further note that the Defendant failed to seek any extension of time for filing the Motion to Withdraw the Plea of Guilty." This, again, clearly referenced the original motion to withdraw the plea.

¶ 12    Further, in addressing defendant's argument regarding her sentence, the trial court stated that, "when this request was made previously, Judge Anderson did, in fact, reconsider and in fact changed the Defendant's sentence. I don't see that there's anything new that has been presented to this Court in this regard, so the Motion is denied." While the trial court denied relief under

defendant's post-remand motion, the court did so based on Judge Anderson's prior ruling reducing defendant's sentence to concurrent six-year terms. However, Judge Anderson's ruling had been vacated by this court's February 22, 2013, remand order.

¶ 13    We note that defendant does not raise the issue of the trial court's confused ruling on her post-remand motions. Other than for assessing subject matter jurisdiction, this court will not normally search the record for unargued and unbriefed reasons to reverse a trial court. See *People v. Givens*, 237 Ill. 2d 311, 323 (2010). Courts are to " 'wait for cases to come to us, and when they do we normally decide only questions presented by the parties.' " *Id*. at 324 (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). However, under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994), this court "may, in its discretion, and on such terms as it deems just,\*\*\* make any other and further orders and grant any relief, including a remandment, \*\*\* that the case may require." We have no confidence in a decision that is so obviously based on a confused and incorrect understanding of the status of the case.

¶ 14    We must vacate the trial court's order of August 21, 2013, and remand the cause for a new hearing. In light of the prior confusion, we remind both the trial court and the parties that this case returns to the trial court as it existed when defendant was initially sentenced on February 8, 2012. Defendant shall be granted reasonable time in which to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary, to include any issues and/or prayers for relief in light of this posture. Further, counsel shall file a new certificate pursuant to Rule 604(d).

¶ 15                                III. CONCLUSION

¶ 16    The judgment of the circuit court of Kane County is vacated, and the cause is remanded for further proceedings in accordance with this opinion.

¶ 17    Vacated and remanded with directions.