2020 IL App (3d) 180348

Opinion filed August 6, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-18-0348 |
| v. | ) ) | Circuit No. 17-CF-1997 |
| MICAH C. BAKER, | ) ) | Honorable Edward A. Burmila Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Micah C. Baker, appeals the Will County circuit court's denial of his motion to withdraw his guilty plea. Defendant argues the circuit court failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    After a grand jury indictment, the State charged defendant with two counts of domestic battery (720 ILCS 5/12-3.2(a)(2), (b) (West 2016)). The court appointed counsel to represent defendant. On March 15, 2018, defendant pled guilty to the more serious charge. In exchange for his plea, the State moved to dismiss the lesser charge and recommended a sentence of 180 days in

jail and 30 months' probation. The court granted the State's motion and imposed the recommended sentence.

¶ 4    On March 21, 2018, defendant appeared without counsel and told the court he wished to withdraw his guilty plea. The court instructed defendant to file a written document containing his reasons for wanting to withdraw his plea and provide the State with notice.

¶ 5    On March 23, 2018, defendant filed a timely *pro se* motion titled "My plea withdrawl [*sic*]," wherein defendant described his reasons for wanting to withdraw his plea. Defendant appeared without counsel that same day. The court did not determine whether defendant had legal representation. The State said it did not have a copy of defendant's motion and requested additional time to respond. The court allowed the request and scheduled a hearing for April 11, 2018. When defendant did not appear on April 11, the court removed the case from the docket, saying, "Strike it from the call."

¶ 6    On April 16, 2018, defendant appeared without counsel. The court failed to determine whether defendant had legal representation. The court asked defendant what he wanted his *pro se* motion to accomplish. Defendant said he wished to withdraw his guilty plea. The court repeated its previous instructions, directing defendant to file a written document laying out his reasons for wanting to withdraw his plea, and scheduled a hearing for April 20, 2018.

¶ 7    On April 20, 2018, defendant appeared without counsel before a different judge, who reset the hearing for May 3, 2018, to ensure the plea judge would oversee the matter. On May 3, 2018, defendant failed to appear. The court removed defendant's case from the docket, saying defendant's "motion to withdraw his plea of guilty is stricken."

¶ 8    On May 8, 2018, defendant filed a second *pro se* motion titled "[Defendant's] reasons for plea withdrawl [*sic*]," which largely repeated his first motion's assertions. Defendant appeared

without counsel that same day. The court failed to determine whether defendant had legal representation. The court allowed the State's request for time to respond to defendant's motion. The State filed its written response on May 24, 2018. On May 29, 2018, defendant appeared without counsel, said he did not have a copy of the State's response to his motion, and received time to review the response. The court reset the case for a June 6, 2018, hearing.

¶ 9        On June 6, 2018, defendant appeared without counsel. Without addressing defendant's lack of counsel, the court held a hearing on defendant's first motion to withdraw his guilty plea. After hearing the parties' arguments, the court denied the motion. The court asked defendant if he had a public defender, and defendant said "No." The court then asked, "Are you going to be able to afford counsel on appeal now?" Defendant replied, "What is counsel?" Plea counsel, who was sitting in the courtroom at the time, informed the court that he had represented defendant during the plea proceedings. The circuit clerk filed a notice of appeal on defendant's behalf on June 7, 2018.

¶ 10                                II. ANALYSIS

¶ 11        Defendant argues the circuit court failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) by not determining whether defendant had legal representation, appointing counsel for defendant for postplea proceedings, or obtaining a knowing waiver of defendant's right to counsel. The State concedes that the court erred when it did not determine whether defendant had postplea legal representation. However, the State argues that we do not have jurisdiction to consider defendant's appeal.

¶ 12        Where, as in this case, defendant entered a fully negotiated guilty plea, he may not appeal the judgment entered upon the guilty plea without first filing a motion to withdraw the plea within 30 days of sentencing. *Id.* If the court denies the motion, defendant must then file a notice of appeal

in the circuit court within 30 days. *Id.* Defendant may file a late notice of appeal in the appellate court under certain circumstances. Ill. S. Ct. R. 606(c) (eff. July 1, 2017). "The timely filing of a Rule 604(d) motion and a notice of appeal are jurisdictional prerequisites to a review of defendant's guilty plea." *People v. Dieterman*, 243 Ill. App. 3d 838, 841 (1993).

¶ 13        The State contends that we lack jurisdiction to review the merits of defendant's appeal because defendant filed his notice of appeal more than 30 days after the court imposed his sentence. The State argues the court struck defendant's timely first motion from the record, either on April 11, 2018, by saying "[s]trike it from the call" or on May 3, 2018, by saying the "motion to withdraw his plea of guilty is stricken." As a result, defendant's May 8, 2018, motion, which was filed 54 days after sentencing, was untimely.

¶ 14        The State's argument misconstrues the record. The court impliedly extended the time for filing a motion to reconsider sentence by considering the merits of defendant's May 8, 2018, motion. See *People v. Church*, 334 Ill. App. 3d 607, 613-14 (2002). Observing defendant's filing difficulties, the court allowed defendant at least three attempts to file his motion properly. The court's April 11, 2018, statement "Strike it from the call" removed the case from the docket because defendant failed to appear. It did not eliminate defendant's motion entirely. Likewise, the court's May 3, 2018, statement "motion to withdraw his plea of guilty is stricken," only removed the case from the docket. When defendant filed a written motion and appeared, the court allowed the State to respond and properly considered the merits of defendant's motion. To find otherwise would require us to determine that the court erred by conducting a hearing on defendant's second motion and denying the motion on its merits instead of dismissing it for untimeliness. See *People v. Bailey*, 2014 IL 115459, ¶ 27. We presume the court knows the law and applied it properly unless the record contains strong affirmative evidence to the contrary. *People v. Howery*, 178 Ill.

2d 1, 32 (1997). Therefore, the court did not err by ruling on the merits of defendant's *pro se* motion to withdraw. Defendant's timely notice of appeal from the court's denial of his timely *pro se* motion to withdraw his guilty plea vested us with jurisdiction to consider the merits of defendant's appeal.

¶ 15        Under Rule 604(d), when a defendant files a motion to withdraw his guilty plea within 30 days of sentencing the court shall "determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). When a defendant manifests an interest in challenging the judgment against him, the court " 'has an *affirmative duty* to ascertain whether a defendant desires counsel for preparation and presentation of postplea motions.' " (Emphasis in original.) *People v. Perry*, 2014 IL App (1st) 122584, ¶ 22 (quoting *People v. Griffin*, 305 Ill. App. 3d 326, 332 (1999)). The court must either appoint counsel to represent an indigent defendant for postplea proceedings or find that the defendant knowingly waived the right to appointed counsel. *People v. Smith*, 365 Ill. App. 3d 356, 360 (2006). If a court fails to satisfy this requirement, it must remand the case. *Id.* at 361. We review *de novo* the issue of whether the court failed to comply with the Rule 604(d) requirements. *Id.* at 358.

¶ 16        After reviewing the record, we accept the State's concession. Defendant filed his first *pro se* motion to withdraw his plea on March 23, 2018, within the prescribed 30-day period, but the court did not determine whether defendant had legal representation until after the June 6, 2018, hearing where the court denied the motion. The court failed to comply with Rule 604(d). Moreover, defendant's comments during the postplea proceedings indicated that he was unaware of his right to postplea counsel. The appointment of counsel would have eliminated the confusion around the

- 5 -

motion filing process. Therefore, we reverse the judgment of the circuit court denying defendant's motion to withdraw his guilty plea and remand the case for further proceedings.

¶ 17                                    III. CONCLUSION

¶ 18            For the foregoing reasons, we reverse the judgment of the circuit court of Will County and remand for further proceedings.

¶ 19            Reversed and remanded.

**No. 3-18-0348**

| | |
|---|---|
| **Cite as:** | *People v. Baker*, 2020 IL App (3d) 180348 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 17-CF-1997; the Hon. Edward A. Burmila Jr., Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Steven Varel, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |