2021 IL App (2d) 200746-U
No. 2-20-0746
Order filed December 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-717 |
| GABRIEL KAISER, | ) ) ) | Honorable Jeffrey S. MacKay, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Although the trial court could have more clearly asked defendant whether he wanted the assistance of counsel on his motion to withdraw his guilty plea, the record as a whole confirms that defendant validly waived his right to counsel.

¶ 2    Defendant, Gabriel Kaiser, appeals the trial court's order denying his motion to withdraw his guilty plea. He contends that, contrary to Illinois Supreme Court Rules, the court allowed him to represent himself on the petition without asking whether he desired appointed counsel. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4    Defendant was charged with two counts of Class 4 felony disorderly conduct (720 ILCS 5/26-1(a)(4), (b) (West 2020)) and one count of violating a stalking no-contact order (*id.* § 12-3.9(a)). The public defender was appointed to represent defendant. On July 20, 2020, he pleaded guilty to violating a stalking no-contact order. In exchange, the State agreed to dismiss the disorderly conduct charges and recommend that defendant be sentenced to 212 days in jail with credit for 106 days served.

¶ 5    The factual basis for the plea was that Y.B. had a stalking no-contact order against the defendant that prohibited him from contacting her either directly or through a third party. However, on March 7, 2020, defendant gave Carol Stream detective Darren Boshart information about Y.B. Boshart relayed that information to Y.B., and thus defendant had contact with Y.B. "through a third party."

¶ 6    After hearing the factual basis, defendant confirmed that he still wished to plead guilty. The court accepted the plea and found defendant guilty. When the trial court asked defendant if he wished to say anything before the trial court-imposed sentence, defendant stated, "Well, I would like to point out I filed that police report with Chicago PD, not Carol Stream." The court asked, "But you agree you did this?" Defendant replied, "I agree I filed the police report with Chicago PD not Detective Boshart, but—." The court interjected, "Okay," and then imposed the agreed sentence. The court informed defendant of the steps he needed to take to appeal the judgment and that, if he were indigent, a lawyer would be appointed to help him prepare the necessary motions.

¶ 7    On July 30, 2020, defendant moved *pro se* to withdraw his plea. Defendant alleged that his public defender and the state's attorney knew that Boshart had falsified the charges against him but "failed to share it with the courts," resulting in a conviction "in the wrong county."

¶ 8 Defendant appeared in court on August 12, 2020, unaccompanied by an attorney. The trial court asked defendant if he understood that he was not represented by the public defender. Defendant replied that he understood. The following exchange occurred:

"THE COURT: And you do not want to be represented by the Public Defender; is that correct?

MR. KAISER: No."

¶ 9 The trial court scheduled a date for a hearing on the motion to withdraw. On that date of the hearing, defendant did not request counsel and represented himself. At the hearing's conclusion, the trial court found that the Chicago police forwarded defendant's report to the Carol Stream police, who in turn contacted Y.B. The court observed that as long as any part of the offense occurred in Du Page County, venue there was proper. The court further noted, however, that defendant had waived any venue argument by pleading guilty and that he did not allege that the plea was involuntary. This court granted defendant's motion to file a late notice of appeal.

¶ 10                                  II. ANALYSIS

¶ 11 Defendant argues that the trial court erred by allowing him to represent himself on his motion to withdraw the plea without adequately ensuring that he had waived counsel. Supreme Court Rules 604(d) (eff. July 1, 2017) and 605(c) (eff. Oct. 1, 2001) provide for appointed counsel to assist a defendant with a motion to withdraw his guilty plea. Rule 605(c)(2) provides that, in sentencing a defendant pursuant to a negotiated plea, the trial court must admonish the defendant that, to perfect an appeal, he must first file in the trial court a motion to withdraw the guilty plea. Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). The court must also inform the defendant that, "if the defendant is indigent *** counsel will be appointed to assist the defendant with the preparation of the motion[ ]." Ill. S. Ct. R. 605(c)(5) (eff. Oct. 1, 2001). Rule 604(d) provides that, upon the

filing of a motion to withdraw the plea, the court "shall *** determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In combination, the rules provide that "a trial court is required to appoint counsel to an indigent defendant, unless the defendant knowingly and intelligently waives the right to counsel." *People v. Hinton*, 362 Ill. App. 3d 229, 233 (2005).

¶ 12 The trial court complied with these rules. It confirmed that defendant was not represented and asked him if he wanted the public defender appointed. He did not.

¶ 13 Defendant argues that the trial court's two-part question was ambiguous, such that defendant's one-word answer could have meant that the court was *not* correct in assuming that defendant *did not* want the public defender appointed. We agree that the question could have been clearer but, no matter how it is read, the question implied an offer to provide defendant with counsel. Defendant did not suggest that he did not understand the question. Moreover, if he thought that the court wrongly believed he did not want counsel, defendant could have corrected the court's error and requested counsel before the hearing on his motion. He did not do so— despite the trial court's express admonishment at the plea hearing that, if he filed a motion to withdraw, he would be entitled to the assistance of counsel if he were indigent. The only reasonable reading of the exchange on August 12, 2020, is that defendant did not desire appointed counsel.

¶ 14 Defendant concedes that, given his postplea claim, which accused plea counsel of conspiring against him, it is reasonable to infer that he did not want the public defender appointed. He argues, however, that it is not reasonable to infer "that he did not want appointed counsel at

all." The problem with this argument is that a defendant has no automatic right to the appointment of counsel other than the public defender. See *People v. Jones*, 129 Ill. App. 3d 368, 372 (1984).

¶ 15    Section 113-3(b) of the Code of Criminal Procedure of 1963 provides:

> "In all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel. If there is no Public Defender in the county or the defendant requests counsel other than the Public Defender and the court finds that the rights of the defendant will be prejudiced by the appointment of the Public Defender, the court shall appoint as counsel a licensed attorney at law ***." 725 ILCS 5/113-3(b) (West 2020).

¶ 16    The statute's plain language provides that a defendant must specifically request counsel other than the public defender. Defendant cites no case holding that a trial court must offer to appoint other counsel in the absence of a specific request, and defendant never made such a request.

¶ 17    The cases defendant does cite are distinguishable. In *Hinton*, the issue was whether the defendant's preplea waiver of counsel carried over to postplea proceedings. *Hinton*, 362 Ill. App. 3d at 233-34. Likewise, in *People v. Perry*, 2014 IL App (1st) 122584, and *People v. Barnes*, 291 Ill. App. 3d 545 (1997), there was no issue about whether the defendant wanted counsel appointed. We do not quarrel with defendant's suggestion that *Perry* and *Barnes* stand for the proposition that the trial court has an "affirmative duty to ascertain whether a post-plea defendant desires counsel." As explained, the trial court discharged that duty, and defendant validly waived his right to counsel.

¶ 18                                    III. CONCLUSION

¶ 19    We affirm the judgment of the circuit court of Du Page County.

¶ 20    Affirmed.