NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250306-U

NO. 4-25-0306

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 29, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| WILLIE MAYZE, | ) | No. 24CF148 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court vacated the trial court's judgment denying defendant's motion to withdraw his guilty plea and remanded with directions for the trial court to conduct new postplea proceedings in compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 2    Defendant, Willie Mayze, was charged by indictment with one count of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(A) (West 2024)) and four other minor offenses. Pursuant to a fully negotiated plea of guilty to aggravated DUI, the remaining counts were dismissed. Defendant was sentenced to 90 days in jail, 48 months' probation, and fines, fees, and court costs. On appeal, defendant argues this cause must be remanded because the trial court did not comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024) when it denied his motion to withdraw his guilty plea without first appointing counsel or securing a valid waiver of his right to counsel.

¶ 3    We vacate and remand with directions.

¶ 4    I. BACKGROUND

¶ 5    In February 2024, defendant was charged with aggravated DUI (count I) ((625 ILCS 5/11-501(d)(1)(A)) (West 2024)), DUI (count II) (*id.* § 501(a)), improper lane usage (count III) (*id.* § 11-709), disregarding a traffic control device (count IV) (*id.* § 11-306), and having an expired registration (count V) (*id.* § 3-413(f)).

¶ 6    At defendant's first appearance, the trial court inquired as to the issue of defendant's right to counsel. Defendant indicated he did not want the public defender's office appointed because he was not satisfied with the office's representation in his other pending cases. He stated he would retain private counsel instead. After two continuances in the case, and at defendant's request, the public defender's office was appointed. At subsequent court appearances, defendant was represented by private counsel.

¶ 7    In December 2024, while still represented by private counsel, defendant entered into a fully negotiated plea agreement wherein he agreed to accept responsibility for count I, aggravated DUI (*id.* § 11-501(d)(1)(A)). In exchange, the State agreed to dismiss the remaining counts. The agreement also contemplated 90 days in jail (effectively 43 days after application of day-for-day credit and credit for 2 days previously served), 48 months' probation, fines, fees, and court costs. Defendant would also be required to undergo alcohol treatment and participate in a victim impact panel as directed by probation. The State provided the trial court with the following factual basis for the charge. On August 5, 2023, around 2 a.m., Bloomington police officers observed a tan Chevy Malibu traveling northbound on Veterans Parkway. After running the vehicle's registration, it came back as expired and registered to defendant. As officers continued to monitor the car, they observed defendant straddle the fog lines, turn his signals on

as if about to change lanes, and slow down to 17 miles per hour in a 45-mile-per-hour zone before ultimately changing lanes. Officers observed defendant cross the center line twice and fail to stop at a red light before turning. Officers pulled defendant over and noted defendant had constricted pupils. Standard field sobriety tests were performed. Defendant exhibited six out of seven clues on the horizontal gaze nystagmus test; seven out of eight clues on the walk and turn test; and three out of four clues on the one-leg stand test. Defendant declined blood and urine tests. The State concluded its proffer by noting defendant had two previous convictions for DUIs in 2019 and 2023.

¶ 8        Prior to the acceptance of defendant's guilty plea, the trial court admonished defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). Defendant was then informed he had a right to change his mind, and if he did so, he had to file a written motion to withdraw the guilty plea within 30 days. The court further explained the motion must articulate the reasons for withdrawing his guilty plea. Defendant was told if the motion was granted, the original charges would be reinstated and the case would be set for trial. If denied, defendant would then have a chance to appeal the decision and the right to be represented by an attorney. The court inquired as to whether defendant had any questions, and defendant responded "No. *** You explained it real clear. I understand."

¶ 9        In January 2025 defendant filed a *pro se* motion titled "Motion for Appeals." In March 2025, the trial court held a hearing on the motion, where defendant appeared *pro se*. The court construed defendant's motion as a motion to withdraw his guilty plea and inquired whether this was what defendant was in fact seeking. Defendant responded "Yes, the issue is in the motion." The court then allowed defendant to argue his motion, which consisted of defendant reading his motion to the court.

¶ 10 At the time of the hearing, defendant had completed his jail sentence, and thus, the trial court questioned what exactly he was seeking. Defendant explained, "I'm seeking the Court to do is just hear the motion, give me the Court opinion so I can farther [*sic*] into the appeal process." The court clarified for defendant that the condition precedent to any potential appeal was a motion to withdraw his guilty plea. The court informed defendant that was why it was trying to understand what he really wanted from the motion. Defendant stated, "I'm asking for a decision from the Court, so I can further this issue along review for to [the] Appellate Court."

¶ 11 The State attempted to explain what it thought defendant was seeking. The State speculated defendant's primary concern was the appeal in his 2023 DUI case. However, in January 2025, the Fourth District affirmed the trial court's decision in the 2023 DUI case, and any underlying concerns in defendant's motion, or at least any prejudice that might have resulted, had been addressed. See *People v. Mayze*, 2025 IL App (4th) 240443-U. Because defendant's conviction had been affirmed, the State argued defendant should not be able to withdraw his plea.

¶ 12 After further attempts to understand what defendant was seeking, the trial court construed defendant's motion as a motion to withdraw his guilty plea so he could file an appeal. Because the prior appeal had been resolved, the court found the issue was moot. The court further stated, "[G]iven that this was an agreed guilty plea by the defendant, and *** the underlying issue on the motion is moot at this time, the Court is going to deny defendant's motion to withdraw guilty plea." Defendant was admonished as to his appeal rights. At this juncture, the court asked defendant if he wanted to appeal the court's decision and if he wanted the court to appoint the appellate defender to represent him, to which defendant responded,

"Yes."

¶ 13 This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 On appeal, defendant contends the trial court violated Rule 604(d) when it denied his *pro se* motion to withdraw his guilty plea without first determining whether he desired the assistance of counsel or securing a waiver of that right. The State maintains defendant knew his options and did exactly what he wanted—to proceed *pro se*.

¶ 16 Rule 604(d) establishes the procedures that must be followed when a defendant seeks to appeal from a judgment entered upon a plea of guilty. *In re H.L.*, 2015 IL 118529, ¶ 7. When a defendant enters into a negotiated guilty plea, the rule requires the defendant to file, within 30 days of sentencing, a motion to withdraw the plea of guilty and vacate the judgment. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). Any issue not raised by the defendant in his motion to withdraw his guilty plea is considered forfeited. *People v. Dickerson*, 212 Ill. App. 3d 168, 171 (1991).

¶ 17 When such a motion is filed, "[t]he trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); see *People v. Hinton*, 362 Ill. App. 3d 229, 232 (2005). Because of the strict requirements of Rule 604(d), even without a specific request from the defendant, a trial judge is obligated to appoint counsel in postplea proceedings unless the court finds the defendant knowingly waived the right to appointed counsel. *People v. Smith*, 365 Ill. App. 3d 356, 359 (2006). This right is triggered automatically upon a *pro se* defendant's filing of a motion to withdraw. *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999). In addition, any waiver of a defendant's right to counsel at an earlier stage in the

criminal proceedings does not extend to the proceedings regarding the defendant's motion to withdraw his guilty plea. *Hinton*, 362 Ill. App. 3d 229 at 234.

¶ 18    We review a trial court's compliance with supreme court rules *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004).

¶ 19    After reviewing the record, we find the trial court did not comply with Rule 604(d). Once defendant filed his *pro se* motion to withdraw his guilty plea, the court was obligated to inquire if defendant desired to have counsel appointed, even without a specific request from defendant, or to make a finding that defendant knowingly waived the right to appointed counsel. See *Hinton*, 362 Ill. App. 3d at 233. This is especially true because defendant was represented by counsel at prior proceedings, including the fully negotiated plea.

¶ 20    Here, the record reflects the trial court had difficulty determining what defendant wanted when he filed his "Motion For Appeals." There was extensive dialogue between the court and defendant to determine what relief defendant was seeking. The court repeatedly asked defendant what he wanted, and defendant repeatedly responded he sought the court's decision on his motion so he could "further this issue along review for to Appellate Court." The confusion suggests defendant did not understand the proceedings, let alone that he had the right to postplea counsel. The appointment of counsel would have eliminated the confusion regarding the motion and the relief sought. "[F]undamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have [the] assistance of counsel" in preparing and presenting postplea motions. *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38 (1988).

¶ 21    We recognize defendant's *pro se* motion appears to be confusing and contains allegations about the conduct of the attorney who represented him previously. Specifically, defendant claims his previous attorney was not truthful in that he failed to bring his prior appeal

to the attention of the trial court. As a result, he desired to withdraw his guilty plea. Again, a plain reading of the motion, along with the report of proceedings, reveals defendant was confused. Had defendant been afforded the opportunity to be represented by counsel, the confusion could have been rectified. Nevertheless, the requirement remains the same. Defendant must be represented by counsel at all critical stages of the proceedings or have knowingly and voluntarily waived his right to counsel.

¶ 22　　　　The State argues the right to the appointment of counsel is triggered only if a defendant is indigent and there was no evidence of defendant's indigence in this case because he had previously retained counsel. This argument fails. Originally, defendant was represented by the public defender, but he later retained counsel. Merely because he had previously retained counsel does not mean his circumstances could not have changed. At the plea hearing in December 2024, defendant told the trial court he received Link benefits and had been laid off work two weeks earlier. Thus, there is evidence in the record defendant may have been indigent. What the record does not reflect is that any attorney consulted with defendant to ascertain his contentions of error. The record also does not reflect that any attorney ever examined the trial court file and report of proceedings of the guilty plea hearing to determine if any amendments to defendant's motion were necessary to afford defendant adequate representation.

¶ 23　　　　When a defendant manifests an interest in challenging the judgment against him, there is an affirmative duty by the trial court to determine whether a defendant desires counsel for preparation and presentation of postplea motions. *People v. Baker*, 2020 IL App (3d) 180348, ¶ 15. It bears repeating, the trial court must either appoint counsel or find a defendant knowingly waived the right to appointed counsel. *Smith*, 365 Ill. App 3d at 359. Such was not done here, so the case must be remanded.

¶ 24    We vacate the judgment of the trial court denying defendant's motion to withdraw his guilty plea and remand the case for further proceedings. See *People v. Grigalanz*, 2022 IL App (4th) 210468, ¶ 20 (" '[W]hen the Appellate Court remands a cause for the filing of a new motion (if necessary) and a hearing on a new motion, the order that is the subject of the appeal is vacated.' ") (quoting *People v. Bernard*, 2014 IL App (2d) 130924, ¶ 10). On remand, the trial court must, in accordance with Rule 604(d), determine whether defendant is indigent and desires counsel, and if so, appoint counsel to assist defendant in ascertaining the merit of his postplea claims.

¶ 25                                    III. CONCLUSION

¶ 26    For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 27    Vacated and remanded with directions.