THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY CUNNINGHAM, Defendant-Appellant.

Third District    No. 2—96—0558

Opinion filed December 31, 1997.

Michael Pelletier and James E. Chadd, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Timothy Cunningham, was charged with aggravated battery (720 ILCS 5/12—4 (West 1994)). Proceeding *pro se*, he entered into a plea agreement that provided that he would plead guilty in exchange for a five-year prison sentence to be served consecutively to a 15-year sentence imposed in another case. Thereafter, the defendant, still *pro se*, filed a motion to withdraw his guilty plea, which was denied. On appeal, the defendant contends that the trial court erred in failing to ask him whether he wanted an attorney to represent him on his motion to withdraw his guilty plea. After carefully reviewing the record on appeal, we affirm.

Prior to the plea proceedings, the defendant indicated to the trial judge that he did not want to be represented by his previously court-appointed attorney. Instead, the defendant wished to proceed *pro se*. The trial court had serious reservations regarding the defendant's competence to waive his right to counsel and ordered the defendant to submit to a psychological evaluation. The court-appointed psychologist determined that the defendant was capable of knowingly and intelligently waiving his right to counsel. As a result, the trial court accepted the defendant's waiver. The court, however, ordered the defendant's previously appointed attorney to serve as standby counsel.

On February 13, 1996, the *pro se* defendant entered into a plea agreement with the State. The trial court properly admonished the defendant regarding his plea of guilty and accepted the State's factual basis for the plea. The trial court entered a judgment of conviction in accordance with the agreement.

Three days later, the *pro se* defendant sent a letter to the trial court stating that he wished to withdraw his guilty plea. In this letter, the defendant asked the court to "send [him] a copy of the motion the attorneys have to file when there's a motion to withdraw a guilty plea." The defendant further stated in his letter, "Im [*sic*] going to be the attorney on this ***."

On February 20, 1996, the trial court ordered the preparation of the guilty plea proceedings transcripts for the defendant. The court also granted the defendant additional time to file a motion to

withdraw his guilty plea. The *pro se* defendant filed his motion on April 3, 1996.

On May 3, 1996, the court held a hearing on the defendant's motion. At the hearing, the same previously appointed attorney appeared as standby counsel for the *pro se* defendant. The trial court did not ask the defendant if he wished to have counsel appointed to represent him, and the defendant did not ask the court to appoint counsel for him. At the conclusion of the hearing, the trial court denied the defendant's motion to withdraw his guilty plea.

The sole issue on appeal is whether the trial court erred in failing to ascertain whether the *pro se* defendant wished to have counsel appointed to represent him regarding his motion to withdraw the guilty plea. Specifically, the defendant claims that Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) required the trial court to ask him if he wanted counsel appointed. The defendant further contends that his previous waiver of his right to counsel did not extend the postjudgment phase of the case.

■ Supreme Court Rule 604(d) provides, in pertinent part, that when a motion to withdraw a guilty plea has been filed, "[t]he trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." 145 Ill. 2d R. 604(d). Ordinarily, fundamental fairness would require the defendant to have assistance of counsel to prepare and present a motion to withdraw a guilty plea. *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994), quoting *People v. Dickerson*, 212 Ill. App. 3d 168, 171 (1991). However, as the Illinois Supreme Court ruled in *People v. Baker*, 92 Ill. 2d 85, 91-92, 440 N.E.2d 856, 859 (1982), waiver of the right to counsel, once made, carries through to all subsequent proceedings unless the defendant later requests counsel or other circumstances suggest that the waiver is limited in scope. See also *People v. Redd*, 173 Ill. 2d 1, 24-25, 670 N.E.2d 583, 595 (1996) (holding that a waiver of counsel continues to a subsequent sentencing hearing where no circumstances indicate that the defendant desired counsel).

■ After reviewing the record, and based upon the unique circumstances of the instant case, we find compliance with the requirements of Rule 604(d). Prior to the plea proceedings, the defendant indicated that he wished to proceed *pro se*. To determine whether the defendant was capable of knowingly and intelligently waiving counsel, the trial court had the defendant psychologically evaluated before allowing him to proceed without counsel. Three days later, the defendant stated to the trial court in his letter that he wished to act as his own attorney and proceed *pro se* on the motion to withdraw his guilty plea.

Because of the defendant's previous waiver of counsel, his *stated* desire to proceed *pro se*, and the short time period between his initial waiver of counsel and the hearing on the motion to withdraw his guilty plea, we find that it was unnecessary for the trial court to inquire further into whether the defendant required the appointment of counsel. See *Redd*, 173 Ill. 2d at 26-27, 670 N.E.2d at 595-96 (implying that a previous waiver of counsel continues to a subsequent proceeding where the time lapse between the two proceedings is not exceptionally long); *People v. Haynes*, 174 Ill. 2d 204, 245, 673 N.E.2d 318, 337 (1996) (holding that the defendant was not entitled to new admonishments regarding his waiver of counsel at sentencing where he indicated that he wished to represent himself). Moreover, we note that the defendant at all times had the opportunity to consult with standby counsel. The defendant's standby counsel appeared with the defendant on each occasion the defendant was present in court and was available to advise the defendant on any matter the defendant wished to discuss.

Based on our review of the entire record, we find the trial court did not err in failing to ask the defendant whether he wanted counsel appointed to represent him with regard to his motion to withdraw his guilty plea. Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

LYTTON, P.J., and HOMER, J., concur.