713 N.E.2d 662 (1999)
305 Ill. App.3d 326
239 Ill.Dec. 131
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Mark J. GRIFFIN, Defendant-Appellant.
No. 2-98-0489.
Appellate Court of Illinois, Second District.
June 16, 1999.
*663 G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill (Court-appointed), Office of the State Appellate Defender, Elgin, for Mark J. Griffin.
Paul A. Logli, Winnebago County State's Attorney, Rockford, Martin P. Moltz, Deputy Director, State's Attorneys Appellate Prosecutor, Elgin, John X. Breslin, Deputy Director, John M. Wood, State's Attorneys Appellate Prosecutor, Ottawa, for the People.
Justice McLAREN delivered the opinion of the court:
On November 27, 1996, the indigent defendant, Mark J. Griffin, was charged by indictment with residential burglary (720 ILCS 5/193(a) (West 1996)). On August 13, 1997, the trial court granted defendant's request to waive his right to counsel and proceed pro se. On August 29, 1997, defendant pleaded guilty to the burglary charge, and the factual basis for the plea revealed that defendant entered a Loves Park home with the intent to commit theft. Defendant admitted to police officers that he entered the house through an open window and took some jewelry and checks. On October 10, 1997, the trial court sentenced defendant to an 11-year prison term and fully admonished him pursuant to Supreme Court Rule 605(b) (145 Ill.2d R. 605(b)). Defendant failed to file a postplea motion or a timely notice of appeal, and this court granted defendant leave to file a late notice of appeal.
On appeal, defendant argues that the trial judge committed reversible error in failing to (1) appoint counsel upon defendant's request; (2) ascertain whether defendant desired counsel; and (3) explain adequately the filing requirements of Supreme Court Rule 604(d) (145 Ill.2d R. 604(d)). We agree with defendant's first and second arguments but reject the third. Accordingly, we reverse and remand defendant's cause for the appointment of counsel and the preparation and presentation of the postplea motions.
Defendant first contends that he revoked his waiver of right to counsel after the trial judge recited the Rule 605(b) admonitions. Defendant concedes that, prior to entering his guilty plea for residential burglary, he voluntarily and intelligently waived his right to the assistance of counsel pursuant to *664 Supreme Court Rule 401(a) (134 Ill.2d R. 401(a)).
A defendant's waiver of the right to counsel carries through to all subsequent proceedings unless (1) the defendant later requests counsel, or (2) other circumstances suggest that the waiver is limited to a particular stage of the proceedings. People v. Baker, 92 Ill.2d 85, 91-92, 65 Ill.Dec. 1, 440 N.E.2d 856 (1982); People v. Cunningham, 294 Ill.App.3d 702, 704, 229 Ill.Dec. 62, 690 N.E.2d 1389 (1997). Whether a defendant effects a waiver of counsel is a question for the trial court, and the court's decision will be reversed only for abuse of discretion. People v. Jackson, 228 Ill.App.3d 868, 874, 170 Ill.Dec. 871, 593 N.E.2d 760 (1992). We adopt a similar standard of review for determining whether defendant revoked an earlier waiver of counsel.
In Baker, the supreme court adopted the "continuing waiver" rule as set forth in Davis v. United States, 226 F.2d 834 (8th Cir.1955). Baker, 92 Ill.2d at 95, 65 Ill.Dec. 1, 440 N.E.2d 856. In Davis, the defendant waived his right to counsel at his arraignment. The United States Court of Appeals for the Eighth Circuit concluded that the trial judge's failure to ascertain whether the defendant desired counsel at his sentencing hearing was not reversible error because the defendant did not request "counsel and advice" at that time. Davis, 226 F.2d at 840.
In this case, defendant received his 11-year prison sentence two months after he waived his right to counsel and entered his guilty plea. After the trial judge admonished defendant pursuant to Rule 605(b), defendant sought clarification of the Rule 604(d) motion requirements and asked the court whether he was entitled to the appointment of counsel. Specifically, defendant asked the court whether a motion to vacate the sentence was required to perfect an appeal. Defendant also asked, "Can I be appointed an attorney to represent me in this appeal?" The trial judge responded that he was so entitled, but the judge declined to advise defendant further, noting that to do so would be to act as defendant's attorney.
The record on appeal reflects that defendant sufficiently requested the assistance of counsel. Even if defendant did not explicitly request counsel, he clearly sought legal advice from the trial judge and expressed an interest in the assistance of counsel for perfecting an appeal. Because courts must "`indulge in every reasonable presumption against waiver'" (People v. Burton, 184 Ill.2d 1, 23, 234 Ill.Dec. 437, 703 N.E.2d 49 (1998), quoting Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424, 440 (1977)), it follows that a reviewing court should make all reasonable presumptions in favor of a revocation of that waiver. Therefore, we presume that defendant attempted to revoke his earlier waiver when he sought both counsel and advice at the sentencing hearing. See Davis, 226 F.2d at 840.
When defendant began asking questions about perfecting an appeal, the trial judge should have asked him whether he wished to revoke his earlier waiver. The trial judge abused his discretion when he failed to do so, and the judge effectively deprived defendant of his right to counsel. See Davis, 226 F.2d at 840; see also Baker, 92 Ill.2d at 93, 65 Ill.Dec. 1, 440 N.E.2d 856.
Defendant next contends that Supreme Court Rule 604(d) requires a trial court to ask a defendant whether he desires the assistance of counsel for preparation of the postplea motions if the defendant manifests an interest in appealing. Rule 604(d) provides that after a defendant moves to withdraw a guilty plea, the trial court must appoint counsel if the defendant is indigent and "desires counsel." Cunningham, 294 Ill. App.3d at 704, 229 Ill.Dec. 62, 690 N.E.2d 1389. In fact, the trial judge is obligated to ascertain whether the indigent defendant desires counsel even if he makes no specific request for assistance. People v. Barnes, 291 Ill.App.3d 545, 550, 225 Ill.Dec. 731, 684 N.E.2d 416 (1997). However, the judge need not appoint counsel if the defendant responds to the inquiry with a knowing waiver of his right to counsel. Barnes, 291 Ill.App.3d at 550, 225 Ill.Dec. 731, 684 N.E.2d 416.
Under certain circumstances, a trial judge must make a similar inquiry before an indigent defendant files a formal Rule *665 604(d) motion. It is well settled that fundamental fairness requires that a defendant receive the assistance of counsel to "prepare and present" a postplea motion. (Emphasis added.) Cunningham, 294 Ill.App.3d at 704, 229 Ill.Dec. 62, 690 N.E.2d 1389. Barnes suggests that a defendant need only demonstrate "a desire to seek relief from the judgment" to effectively request counsel for preparation of postplea motions. Barnes, 291 Ill.App.3d at 550, 225 Ill.Dec. 731, 684 N.E.2d 416. After a defendant demonstrates his desire to appeal, the trial judge is obligated to inquire whether the defendant seeks counsel. Barnes, 291 Ill.App.3d at 550, 225 Ill. Dec. 731, 684 N.E.2d 416.
After receiving the Rule 605(b) admonitions, Barnes timely filed a handwritten letter addressed to the trial judge in which she requested an improper modification of her sentence. The trial court summarily denied Barnes's pro se postplea motion without affording her a hearing or the appointment of counsel. Barnes, 291 Ill.App.3d at 548, 225 Ill.Dec. 731, 684 N.E.2d 416. The Appellate Court, Third District, concluded that Barnes was entitled to a remand for the appointment of counsel and the amendment of her faulty motion because her handwritten letter triggered the trial court's affirmative duty to inquire whether she desired counsel. Barnes, 291 Ill.App.3d at 550, 225 Ill.Dec. 731, 684 N.E.2d 416.
In agreement with Barnes, we require a trial judge to investigate whether a defendant desires counsel when the defendant manifests an interest in appealing his judgment and sentence, even if the defendant does not comply with Rule 604(d)'s written-motion requirement. In this case, defendant failed to file a written motion, but he manifested an interest in appealing immediately after sentencing, which was well within the Rule 604(d) 30-day limit.
Assuming, arguendo, that defendant failed to request adequately the assistance of counsel, defendant argues that he is entitled to a remand because procedural due process requires that he subjectively understand the Rule 605(b) admonitions. We conclude that defendant's argument lacks merit.
Pursuant to Rule 604(d), a defendant must first move to withdraw his plea and then move to reconsider the sentence before appealing from a judgment following a guilty plea. See People v. Linder, 186 Ill.2d 67, 72, 237 Ill.Dec. 129, 708 N.E.2d 1169 (1999). Rule 604(d) ordinarily requires that we dismiss the appeal if the defendant fails to file a written motion with the trial court. People v. Foster, 171 Ill.2d 469, 471, 216 Ill.Dec. 565, 665 N.E.2d 823 (1996).
Rule 605(b) requires that a trial judge "substantially" advise a defendant of the Rule 604(d) requirements to ensure that the ramifications of noncompliance comport with due process. Foster, 171 Ill.2d at 472, 216 Ill.Dec. 565, 665 N.E.2d 823. A defendant cannot argue procedural unfairness when he suffers the ramifications of noncompliance if the judge has instructed him on Rule 604(d)'s mandates. Foster, 171 Ill.2d at 472, 216 Ill.Dec. 565, 665 N.E.2d 823. However, in the case where a trial court fails to issue the Rule 605(b) admonitions, the "admonition exception" allows a direct appeal despite a defendant's failure to comply with Rule 604(d)'s written-motion requirement. Foster, 171 Ill.2d at 473, 216 Ill.Dec. 565, 665 N.E.2d 823. Defendant asks that we extend the admonition exception to permit an otherwise untimely appeal by a defendant who receives the admonitions but does not understand them. We conclude that the trial judge's recitation of the admonitions sufficiently protected defendant's right to procedural due process, and we decline to extend the exception.
In Foster, the State contended that the direct appeal should be dismissed for the defendant's failure to follow Rule 604(d) because the defense counsel was aware of Rule 604(d)'s written-motion requirement despite the trial court's failure to recite the Rule 605(b) admonitions. Foster, 171 Ill.2d at 473, 216 Ill.Dec. 565, 665 N.E.2d 823. The supreme court rejected the State's argument, reasoning that examination of a defense counsel's subjective knowledge would necessitate additional hearings and appeals that could substantially delay the resolution of the case on the merits. In the interests of the efficient administration of justice, the court *666 held that the admonition exception permitted the appeal regardless of the subjective knowledge of the defendant or his counsel. Foster, 171 Ill.2d at 473, 216 Ill.Dec. 565, 665 N.E.2d 823.
In this case, defendant concedes that the trial judge fully complied with Rule 605(b) when he recited the rule verbatim, but defendant claims that due process requires that he understand the admonitions. Like the Foster court, we choose to distinguish the issuance of the Rule 605(b) admonitions from a defendant's subjective understanding of them. A trial court need not investigate whether each defendant subjectively understands the admonitions because such an examination could cause substantial delay and undermine the efficient administration of justice. See Foster, 171 Ill.2d at 473, 216 Ill. Dec. 565, 665 N.E.2d 823. As discussed, a trial judge need inquire only whether an indigent, pro se defendant desires counsel if the defendant manifests an interest in appealing from a judgment entered upon a guilty plea.
Furthermore, any attempt on review to determine whether this defendant subjectively understood the admonitions would be speculation on our part. Therefore, we decline to extend the admonition exception to allow appeals by defendants who receive the Rule 605(b) admonitions but claim ignorance as an excuse for their failure to comply with Rule 604(d)'s written-motion requirement.
Nevertheless, the record indicates that the trial judge failed to address this defendant's questions concerning which motions are necessary to perfect an appeal and to receive assistance of counsel. We conclude that a trial judge has an affirmative duty to ascertain whether a defendant desires counsel for preparation and presentation of postplea motions after the defendant manifests an interest in appealing the judgment against him. Because the trial judge failed to make such a determination in this case, defendant is entitled to a remand for the appointment of counsel and the preparation and presentation of any available postplea motions. See Barnes, 291 Ill.App.3d at 550, 225 Ill.Dec. 731, 684 N.E.2d 416.
The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded with directions.
Reversed and remanded with directions.
COLWELL and GALASSO, JJ., concur.