# Illinois Official Reports

## Appellate Court

---

### *People v. Perry*, 2014 IL App (1st) 122584

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TORRIN OREAC PERRY, Defendant-Appellant. |
| | |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-2584 |
| | |
| Filed | November 26, 2014 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In defendant's appeal challenging the trial court's order striking the "notification of motions" defendant filed after he entered his guilty plea to aggravated assault with a firearm on the ground that he did not file any motions to accompany the notifications and set forth the relief defendant requested, the appellate court remanded the cause for the appointment of counsel and to allow defendant 30 days to file an appropriate postplea motion, since the trial court erred when it summarily denied defendant's request for the appointment of counsel and did not adequately admonish defendant of his postplea rights pursuant to Supreme Court Rule 605(c), including the right to appeal, the right to have the judgment vacated and the plea withdrawn, and the right to the appointment of counsel. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-MC1-202382; the Hon. Peggy Chiampas, Judge, presiding. |
| | |
| Judgment | Remanded. |

Counsel on
Appeal

Abishi C. Cunningham, Jr., Public Defender, of Chicago (Ingrid Gill, Assistant Public Defender, of counsel), for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Jessica R. Ball, and Marci Jacobs, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE REYES delivered the judgment of the court, with opinion. Presiding Justice Palmer and Justice McBride concurred in the judgment and opinion.

**OPINION**

¶ 1 After pleading guilty to aggravated assault with a gun, defendant Torrin Perry appeals, challenging the trial court's striking of his postplea "notification of motions." Perry argues the trial court should have appointed counsel and failed to properly admonish him of his postplea rights. For the following reasons, we remand to the circuit court of Cook County for further proceedings.

¶ 2                               BACKGROUND

¶ 3 On June 10, 2012, defendant Torrin Perry was charged with one count of aggravated assault with a gun (AAWG) (720 ILCS 5/12-2(a)(1) (West 2010)) and two counts of failing to register a firearm (UUW) (Chicago Municipal Code § 8-20-040 (added July 2, 2010)). These charges stemmed from an incident where Perry brandished a firearm at his neighbor, Sueise M. Banks, thereby placing her in reasonable apprehension of receiving a battery.

¶ 4 On July 24, 2012, Perry and the State reached a plea agreement. According to the agreement, defendant would plead guilty to AAWG in exchange for 90 days in the Cook County department of corrections, with 45 days considered served, and the State would dismiss the two counts of UUW. The trial court accepted the plea and, on July 24, 2012, sentenced Perry per the terms of the agreement.

¶ 5 After sentencing, the trial court admonished Perry, stating:

"Sir, you have the right to appeal, that has to be filed within 30 days of today's date. If I grant the motion, the plea will be set aside, the matter will be set for trial.

If I deny it, you have 30 days to appeal.

* * *

- 2 -

Sir, you have the right to appeal; that has to be filed within 30 days of today's date in writing, indicating all the reasons why you want to withdraw that plea.

If I grant that motion, the plea will be set aside and the matter will be set for trial. If I deny it, you have 30 days to appeal in writing, and if you don't have the money to hire a lawyer, one will be provided for you, free of charge."

When the trial court asked Perry whether he understood the admonishments of the court, Perry responded in the affirmative.

¶ 6   On August 1, 2012, Perry filed a preprinted *pro se* form labeled "Notification of Motion." In the section of the form entitled "Nature of Motion," Perry stated that he wished to retract his guilty plea and alter the trial court's final verdict. The notification did not state the reasons for this request and Perry did not file an accompanying motion.

¶ 7   On August 20, 2012, the trial court conducted a hearing. The court asked Perry why he filed the notification, and defendant responded, "[b]ecause at the time I had ineffective assistance of counsel." Next, the court inquired whether Perry had a written motion, and Perry responded, "[s]omewhere, I think." The trial court stated that it only had the notification before it, and not a motion establishing the reasons for the withdrawal of Perry's guilty plea. As a result, the trial court struck the notification and advised Perry to file a motion if he desired to withdraw his guilty plea. On the same day, Perry filed another notification asking to "reconsider [the] verdict," a notice of appeal challenging the July 24 plea agreement, and a handwritten document titled "subpoena–subpoena duces tecum." It is unclear from the record whether Perry filed these documents before or after the hearing.

¶ 8   On August 21, 2012, Perry filed four additional *pro se* "Notification of Motion" forms. The first notification requested "to have witness [*sic*] testify under oath in court." The second notification asked the trial court "to appoint adequate counsel [to] represent [him] and to take notice [that the] previous counsel from [the] 26[th Street] Public Defender's Office provided ineffective assistance of counsel and misrepresentation." The third notification sought to "exhibit documents for defense and to have earlier submitted documents at Belmont Branch to Public Defender submitted into [his] case file reason being counsel never presented [his] motions." The fourth notification requested a retraction of Perry's guilty plea and a jury trial. Perry did not attach an actual motion to any of the four notifications.

¶ 9   On September 4, 2012, the trial court conducted a hearing regarding the notifications filed on August 21, 2012. The trial court again struck Perry's filings because he did not file any motions to accompany his notifications.

¶ 10                                    ANALYSIS

¶ 11   On appeal from the July 24, 2012, order, Perry argues the trial court: (1) failed to provide adequate postplea admonishments in accordance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001); and (2) erred in summarily denying his *pro se* request for appointment of counsel.

¶ 12                                  I. Jurisdiction

¶ 13   Before addressing the merits of Perry's claims, we note that we cannot review or consider anything filed by Perry following August 20, 2012. Perry filed four notifications on August 21, 2012, one day *after* he filed his notice of appeal. Upon the proper filing of a notice of appeal,

the jurisdiction of the appellate court "attaches instanter and the lower court is thereafter deprived of jurisdiction." *People v. Carter*, 91 Ill. App. 3d 635, 638 (1980). Accordingly, the trial court lacked jurisdiction to rule on the August 21 notifications. *Id.* Our scope of review thus remains limited to the proceedings occurring before the filing of the notice of appeal. *Id*. With this in mind, we turn to Perry's arguments on appeal.

¶ 14                                   II. Postplea Admonishments

¶ 15         Perry initially contends the trial court failed to adequately comply with Illinois Supreme Court Rule 605(c). Rule 605(c) requires a judge to admonish a defendant who entered a negotiated plea of six things:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;
>
> (5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and
>
> (6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

A trial court need not use the exact language of Rule 605(c), although it must still convey the substance of the rule. *People v. Dunn*, 342 Ill. App. 3d 872, 881 (2003).

¶ 16         Upon review, we find the trial court's admonishments inadequate. First, the admonishments did not address subsection (c)(4), dealing with the reinstatement of dismissed charges, or subsection (c)(6), dealing with forfeiture. While the trial court need not recite the rule word-for-word, the admonishments in this case lacked any reference to certain portions of Rule 605(c) altogether. See *People v. Lloyd*, 338 Ill. App. 3d 379, 385 (2003) (finding admonishments inadequate where "it is not the precise wording used that is at issue, but the lack of any wording at all").

¶ 17         We additionally note the admonishments were brief and at times unclear. In particular, Rule 605(c)(2) requires a defendant file a motion to vacate the judgment prior to the filing of any appeal. The trial court, however, first implied Perry had 30 days to file a *direct appeal*, stating, "Sir, you have the right to appeal; that has to be filed within 30 days of today's date." While the trial court later added "[i]f I grant that motion," the admonishments lacked the specificity necessary to resolve any ambiguity. We accordingly find the admonishments

- 4 -

insufficient.[1]

¶ 18                              III. Appointment of Counsel

¶ 19     Perry additionally contends it was error for the trial court to deny the appointment of counsel on the grounds that Perry came to court without the required motion. According to Perry, the trial court should have granted the written request for counsel he presented in one of his August 21 notification of motions. While we note this request occurred after the jurisdiction of the trial court had already divested, as discussed herein, the trial court had an affirmative duty under Illinois Supreme Court Rule 604(d) to inquire whether Perry needed appointment of counsel and that duty arose prior to the filing of the notice of appeal. See *infra* ¶¶ 21-23.

¶ 20     We acknowledge Perry did not raise this particular argument in his opening brief, which would typically subject it to the rules of forfeiture. *People v. Donoho*, 204 Ill. 2d 159, 169 (2003). Nonetheless, forfeiture "limits the parties' ability to raise an issue, not this court's ability to consider an issue." *Id.* We bear "the responsibility *** for a just result and for the maintenance of a sound and uniform body of precedent [that] may sometimes override the considerations of [forfeiture] that stem from the adversary character of our system." (Internal quotation marks omitted.) *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004). We therefore address this issue on appeal, which we review *de novo*. *People v. Garner*, 347 Ill. App. 3d 578, 583 (2004).

¶ 21     In *People v. Griffin*, 305 Ill. App. 3d 326, 328 (1999), the defendant pleaded guilty to burglary. *Id.* The trial court consequently sentenced the defendant to an 11-year prison term per the terms of the plea agreement. *Id.* After the trial court admonished the defendant of his postplea rights, the defendant asked whether a motion to vacate his sentence was required to appeal. *Id.* at 329. Additionally, the defendant inquired, " 'Can I be appointed an attorney to represent me in this appeal?' " *Id.* The trial court responded that the defendant was entitled to an attorney, but declined to advise him further. *Id.* On appeal, the defendant argued, *inter alia*, that "Supreme Court Rule 604(d) requires a trial court to ask a defendant whether he desires the assistance of counsel for preparation of the postplea motions if the defendant manifests an interest in appealing." *Id.* at 330. This court agreed and remanded the case for the appointment of counsel to assist in the preparation of postplea motions. *Id.* at 329.

¶ 22     The *Griffin* court concluded that "a trial judge has an *affirmative duty* to ascertain whether a defendant desires counsel for preparation and presentation of postplea motions after the defendant manifests an interest in appealing the judgment against him." (Emphasis added.) *Id.* at 332. Moreover, a defendant merely needs to express "a desire to seek relief from the judgment" to trigger the affirmative duty. (Internal quotation marks omitted.) *Id.* at 330. Thus, once a defendant begins asking questions about filing an appeal, the trial judge is "obligated to inquire" whether the defendant needs an attorney and appoint one if necessary. *Id.*

¶ 23     In the instant case, there existed little doubt in Perry's desire to appeal. His initial notification expressed this desire in writing. Additionally, the record indicates that when the

---

[1]Ordinarily, this would conclude our review. See, *e.g.*, *Lloyd*, 338 Ill. App. 3d at 386. Nevertheless, we further address Perry's additional argument as it involves an important issue that exemplifies the necessity for thorough admonishments under Rule 605(c).

trial court asked Perry, "[Y]ou wanted to withdraw your plea?" Perry responded, "Yes, ma'am, Your Honor, that is correct." When the trial court asked why, Perry responded, "Because at the time I had ineffective assistance of counsel."[2] The trial court consequently had an "affirmative duty" to offer Perry the appointment of counsel to assist Perry with the preparation of his appeal. Even though Perry failed to file a motion, his notification and subsequent conversation with the trial court sufficiently "manifest[ed] an interest in appealing from a judgment." *Id*. at 332. Under *Griffin*, this is all that was required to trigger the trial court's "affirmative duty to ascertain whether [Perry] desire[d] counsel." *Id*. Accordingly, we also find the trial court erred in not inquiring about the appointment of counsel and hereby remand to provide defendant with 30 days to file an appropriate postplea motion and the appointment of counsel.

¶ 24                                    CONCLUSION

¶ 25        For the foregoing reasons, we remand to the circuit court of Cook County for further proceedings.

¶ 26        Remanded.

---

[2]This hearing occurred on August 20, 2013, the same day Perry filed his notice of appeal. For the purposes of jurisdiction, it is unclear from the record whether this exchange occurred before or after that filing. Given the ambiguity, we presume the notice of appeal was filed after the hearing in question. See *In re Estate of Tingos*, 72 Ill. App. 3d 703, 709 (1979) ("Because of the uncertainty surrounding the filing of the notice of appeal vis-a-vis the court's order vacating its findings of appealability, we would hesitate to dismiss the appeal on that ground.").