NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 180772-U

NO. 4-18-0772

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 16, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Pike County |
| WILLIAM K. POOR, | ) | No. 17CF198 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John F. McCartney, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*: Remand is necessary because the trial court did not admonish defendant in accordance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 2    In March 2018, defendant, William K. Poor, entered a partially negotiated plea of guilty to felony domestic battery (720 ILCS 5/12-3.2(a)(2) (West 2016)). In exchange for defendant's plea, the State agreed to, *inter alia,* dismiss three pending charges against him and recommend a fine of a certain amount. Defendant was sentenced to imprisonment and ordered to pay the agreed fine. Defendant subsequently filed a motion to reconsider his sentence. In November 2018, the trial court granted defendant's motion and resentenced him to probation. Defendant appeals, arguing the trial court failed to properly admonish him of his appeal rights after his resentencing hearing in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001).

We remand because the trial court failed to admonish defendant in accordance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) at the initial sentencing hearing.

¶ 3                                    I. BACKGROUND

¶ 4          On December 27, 2017, the State charged defendant with aggravated battery (count I) (720 ILCS 5/12-3.05(b)(2) (West 2016)), misdemeanor domestic battery (count II) (*id.* § 12-3.2(a)(2)), and criminal trespass (count III) (*id.* § 21-3(a)(2)). The State subsequently charged defendant with felony domestic battery (count IV) (*id.* § 12-3.2(a)(2)). All of the charges were filed in Pike County case No. 17-CF-198.

¶ 5          During a hearing conducted on March 20, 2018, defense counsel informed the trial court the parties had "a negotiated disposition to present" for the charges in case No. 17-CF-198. The State informed the court, in exchange for defendant pleading guilty to count IV, the State "would dismiss [c]ounts [I through III] of 17-CF-198." The State continued, "[i]t's essentially an open plea to that Class 4 domestic battery with an agreement to fines. Agreed fine is $500 ***." Defense counsel agreed that was her "understanding of the partially negotiated agreement." The court accepted defendant's guilty plea, finding it was "knowingly and voluntarily made." At the end of the guilty plea proceeding, defendant moved the court to modify his bond conditions pending sentencing to "allow him to go to in-patient treatment[.]" The court granted defendant's motion.

¶ 6          In June 2018, the State charged defendant with escape, a Class 2 felony (*id.* § 31-6(a)), in Pike County case No. 18-CF-93. In that case, the State alleged defendant had absconded from the facility at which he was receiving inpatient treatment and failed to turn himself in to the Pike County jail.

¶ 7          At a hearing conducted on June 12, 2018, the trial court arraigned defendant on the

escape charge and then conducted the sentencing hearing on the domestic battery conviction in case No. 17-CF-198. The court sentenced defendant to two years' imprisonment and four years' mandatory supervised release. Consistent with the parties' agreement, the court also ordered defendant to pay a $500 fine. At the end of the sentencing hearing, the court admonished defendant in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), informing defendant, in relevant part, that in order to appeal his sentence, he was required to file "a written motion asking to have the trial court reconsider the sentence or to have the sentence vacated and for leave to withdraw [his] admission or [his] plea."

¶ 8        Subsequently, defendant filed a motion to reconsider sentence requesting the trial court resentence him to probation or reduce his sentence of incarceration to 18 months.

¶ 9        On November 13, 2018, the trial court conducted a hearing on defendant's motion to reconsider sentence. At the beginning of the hearing, defendant's counsel informed the court "the [S]tate [did] not dispute [defendant's] motion to reconsider if the court were to give [defendant] an opportunity at probation." Defendant's counsel continued, if the court resentenced defendant to probation, "there would then be an agreement on an open plea on the *** escape [charge in 18-CF-93] and that would be set for sentencing." Defendant's counsel anticipated this arrangement would give defendant "a few months to be out, to be on probation, and try to show the court that he [would be] a good candidate for probation" when defendant was subsequently sentenced in 18-CF-93. The State agreed "to put [defendant] on 30 months of probation if we're doing an open plea on [18-CF-93]." The State separately informed the court it intended to reduce the escape charge in 18-CF-93 to attempted escape, a Class 3 felony (*id.* §§ 8-4(a), 31-6(a)). Defendant ultimately pleaded guilty to attempted escape in case No. 18-CF-93. The court subsequently granted defendant's motion to reconsider in case No. 17-CF-198 and resentenced

- 3 -

him to 30 months' probation. The court then admonished defendant in case No. 17-CF-198 as follows:

"THE COURT: So the motion to reconsider was granted by agreement. You were sentenced to probation. Because you were sentenced to probation, I'm gonna give you your appeal rights. This is a first for me but I think I'll still do it to be safe. I'll give you your appeal rights on the escape charge when I sentence you in February, but for now I'm gonna do it on this.

So on the probation case, you have the right to appeal, I assume.

You agree with that Ms. Morris?

MS. MORRIS [(DEFNESE ATTORNEY)]: I think it wouldn't hurt. I can't imagine he's gonna appeal it but I think you should go ahead and give him his appeal rights.

***

THE COURT: Prior to taking an appeal to the appellate court, you must file in the trial court, within 30 days of today, a written motion asking the trial court to vacate the probation sentence and—to vacate the probation sentence, and then I guess we would go back to dealing with the motion to reconsider, I assume.

DEFENDANT: Right.

THE COURT: I'm tired. I'm trying to think of how that would work.

In your motion, you must set forth the grounds as to why the relief requested should be granted. If your motion is allowed, probation could be vacated and then I assume you'd be back on your [Department of Corrections] sentence which would also be a first. So I'm assuming you're not gonna be doing that. And then we would

have a hearing later on the motion to reconsider.

Upon request of the [S]tate, any charge that may have been dismissed—and that would factor in here. The [S]tate's amended this charge to a Class 3. If you seek to vacate the probation, that could allow them to come back in and get rid of the amended on the escape charge and keep it as a Class 2.

* * *

If you're indigent, a copy of the transcript of the proceedings at the time of your sentence will be provided without cost to you and counsel be appointed to assist you in the preparation of the motions. If your motion is denied and you still desire to appeal, you must file your notice of appeal within 30 days of the date the motion was denied. And any appeal taken from the sentence, any issue or claim of error not raised in the motion to vacate the sentence and withdraw your motion to reconsider could be deemed waived. Do you understand your appeal rights?

DEFENDANT: Yes, Your Honor."

¶ 10       On November 14, 2018, defendant filed a notice of appeal in this case.

¶ 11                              II. ANALYSIS

¶ 12       On appeal, defendant argues the trial court failed to properly admonish him of his appeal rights under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001) after the court granted his motion to reconsider sentence. Specifically, defendant argues the court's Rule 605(b)(4) admonishment was improper because it "affirmatively misled [him] into believing that he could not challenge the probation order without exposing himself to the [C]lass 2 felony escape charge and its higher sentencing range." For the reasons expressed below, we do not reach defendant's contention because we find that defendant was improperly admonished according to Rule 605(b)

following his original sentencing when he should have been admonished according to Rule 605(c).

¶ 13    Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) requires a defendant who is appealing from a plea of guilty to file a motion challenging the sentence or plea in the trial court within 30 days of the date of sentence. In pertinent part, the rule states as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.

> * * *

> Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 14    "Rule 605(b) and Rule 605(c), which complement Rule 604(d) and serve as a corollary to the requirements of Rule 604(d), provide the admonitions the trial judge must give a defendant when imposing sentence on a defendant who has pled guilty." *People v. Dominguez*, 2012 IL 111336, ¶ 13, 976 N.E.2d 983.

¶ 15    When a defendant enters an open or blind plea of guilty, the trial judge must admonish him in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). *People v. Runge*, 346 Ill. App. 3d 500, 507, 805 N.E.2d 632, 638 (2004). Rule 605(b) states, in part:

"In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

\*\*\*

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

\*\*\*

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial \*\*\*." Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001).

Accordingly, a defendant who enters an open or blind plea of guilty and subsequently wishes to appeal his sentence must first file a motion seeking reconsideration of his sentence or vacatur of the judgment and leave to withdraw his guilty plea.

¶ 16          In contrast, a trial judge must give the admonishments included in Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) when a defendant enters a negotiated plea of guilty. *People v. Perry*, 2014 IL App (1st) 122584, ¶ 15, 23 N.E.3d 424. Rule 605(c) provides, in part, as follows:

"In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court,

- 7 -

within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion ***." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 17   Here, we must determine whether defendant's guilty plea, which included an agreement that he pay a $500 fine, was a "negotiated plea" implicating Rule 605(c)'s admonishments or a "plea of guilty, other than a negotiated plea" under Rule 605(b) requiring that section's admonishments be given. Following the completion of briefing in this case, we entered the following order:

"The parties are directed to provide supplemental briefing on the issue of whether the trial court's appeal admonishments following its June 12, 2018 sentencing of defendant were improper. Specifically, although it appears defendant entered into a partially negotiated plea agreement where the State made a sentence concession as to the fine to be imposed, the court admonished defendant according to Rule 605(b) which applies to guilty pleas other than a negotiated plea of guilty. The parties should also address whether this court may consider the aforementioned issue in deciding the subject appeal."

In their supplemental briefing, the parties responded that defendant's plea was an open guilty plea, not a partially negotiated plea, because the agreement between the parties that the court should order a fine of $500 as part of defendant's sentence was a "precautionary measure ensuring that [defendant] understood his monetary obligations, not a negotiated term of the plea agreement."

¶ 18   Upon examination, we disagree with the parties and find that defendant entered a negotiated plea of guilty at the March 20, 2018, hearing and not an open plea. An open guilty plea results where "the defendant pleads guilty without receiving any promises from the State in

return." (Internal quotation marks omitted.) *People v. Scott*, 363 Ill. App. 3d 884, 890, 844 N.E.2d 429, 435 (2006). A negotiated plea can take several forms. See *People v. Diaz*, 192 Ill. 2d 211, 220-22, 735 N.E.2d 605, 609 (2000). Relevant to this appeal, a negotiated plea results where "a defendant pleads guilty in exchange for the State's agreement to dismiss other pending charges and make sentencing concessions." *Id.* at 221-22; see Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("[A] negotiated plea of guilty is one in which *** the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."). Our supreme court explained this type of negotiated plea exists where "the State's ability to argue for the full range of penalties provided for in the Code of Corrections is constrained by the parameters of its agreement with the defendant." *Diaz*, 192 Ill. 2d at 222. Pursuant to this authority, we find defendant entered a negotiated guilty plea in case No. 17-CF-198 because, in exchange for his plea, the State made a concession relating to the sentence to be imposed. Specifically, the State agreed defendant would be required to pay a fine of only $500, less than the maximum of $25,000 the trial court was authorized to impose, and which the State could have requested, under the Code of Corrections. See 730 ILCS 5/5-4.5-50(b) (West 2016). Thus, in exchange for defendant's plea, the State restricted its ability to argue for the full range of penalties provided for in the Code of Corrections. Therefore, defendant entered a negotiated plea of guilty and, pursuant to Rule 604(d), he was required to file a motion to vacate his guilty plea before appealing.

¶ 19        Where, as here, a defendant who has entered a negotiated plea of guilty seeks to challenge the propriety of his sentence and fails to file a motion to withdraw his guilty plea, the reviewing court normally must dismiss the appeal. *People v. Flowers*, 208 Ill. 2d 291, 301, 802 N.E.2d 1174, 1180 (2003). However, this rule is "not without exceptions." *Id.* "If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to

appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed." *Id.* Instead, the case should be remanded to the trial court for strict compliance with Rule 604(d). *Id.*; see *People v. Pressey*, 357 Ill. App. 3d 887, 890, 829 N.E.2d 426, 429 (2005) (remanding the defendant's case where the trial court erroneously admonished the defendant pursuant to Rule 605(b) instead of Rule 605(c) and the defendant subsequently failed to follow Rule 604(d)).

¶ 20        In the present case, after sentencing defendant pursuant to a partially negotiated plea agreement, the trial court admonished him according to Rule 605(b). As we have explained, this admonishment was improper. The court should have admonished defendant pursuant to Rule 605(c). Because the trial court failed to provide the proper appeal admonishments, and because defendant failed to file a motion to withdraw his plea as required under Rule 604(d), remand for compliance with Rule 605(c) and Rule 604(d) is required. See *People v. Young*, 387 Ill. App. 3d 1126, 1129, 903 N.E.2d 434, 437 (2009) ("We find the trial court admonished defendant consistent with the requirements of Rule 605(b), applicable to non[-]negotiated pleas of guilty, rather than in accordance with Rule 605(c), pertaining to negotiated pleas of guilty. The lack of proper admonishment requires a remand for the purpose of receiving new admonishments strictly complying with Rule 605 and the filing of new postsentencing motions under Rule 604(d).").

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we vacate the trial court's order granting defendant's motion to reconsider sentence and remand for the court to give proper admonishments pursuant to Rule 605(c). Defendant shall be allowed to file a new postsentencing motion pursuant to Rule 604(d) if he so desires.

¶ 23        Judgment vacated. Cause remanded.