NOTICE

Decision filed 11/07/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 220701-U

NO. 5-22-0701

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | White County. |
| | ) | |
| v. | ) | No. 21-CF-107 |
| | ) | |
| KENDRA L. O'BRIEN, | ) | Honorable |
| | ) | T. Scott Webb, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We remand this matter where the trial court failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) regarding the appointment of counsel for an indigent defendant or a finding of waiver of counsel.

¶ 2   After entering a negotiated plea of guilty and writing *pro se* postplea letters to the trial court regarding her sentence and appealing, the defendant challenges the trial court's compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). For the following reasons, we remand this matter to the trial court of White County for further proceedings.

¶ 3   I. BACKGROUND

¶ 4   On August 2, 2021, the defendant, Kendra L. O'Brien, was charged by information with one count of escape (720 ILCS 5/31-6(a) (West 2020)), a Class 3 felony, for failing to report to the Carmi-White County jail following her conviction in People v. O'Brien, No. 2020-CF-9 (Cir.

1

Ct. White County). A warrant was issued for her arrest on August 9, 2021, and a bond of $100,000 was set. Before the warrant was served on the defendant, she was arrested and detained in Daviess County, Indiana, on other charges.

¶ 5    On October 29, 2021, the trial court received and filed two letters from the defendant. The docket entry for these filings indicated the correspondence was "given to Judge Webb for review." The first letter was dated October 26, 2021, and indicated that the defendant was representing herself *pro se*, requested a hearing over Zoom "to take care of my warrent [*sic*] and hold I currently have on me," and to reduce bond. The second letter, dated October 27, 2021, noted that the defendant was currently incarcerated in the Daviess County jail. This letter requested the appointment of counsel to represent her and for a hearing over Zoom to address the warrant and hold.

¶ 6    On November 24, 2021, the defendant appeared for her first advisement hearing, via Zoom, as she was still in custody in Daviess County, Indiana. The defendant was appointed counsel, Brian Shinkle, to represent her. The defendant was admonished regarding the escape charge and the possible penalties. Further, the trial court informed the defendant that Indiana was unwilling to serve the White County, Illinois, warrant on her until her Indiana case was resolved. On March 17, 2022, the defendant's case in Indiana was resolved when she was sentenced to the Indiana Department of Corrections (INDOC) for 15 years following her conviction for dealing in methamphetamine.

¶ 7    On May 18, 2022, the defendant filed a *pro se* "Verified Petition To Produce A Copy of Warrant." The petition requested that White County send a copy of the warrant on file in White County, Illinois, to the release coordinator of the INDOC at the Rockville Correctional Facility in Rockville, Indiana, where the defendant was incarcerated. The same day, the defendant also filed

2

a "Motion for Out of State Dismissal/Letter of Resolution," which was a form pleading. The motion requested that the current charges against her be dismissed with prejudice, as she was currently in the custody of the INDOC. Further, the defendant checked inconsistent boxes on the form in the sections that stated (1) "the matter pending is a felony, and I would like to postpone resolution of the matter until my release from imprisonment on 9-23-2032," and (2) "I would like to resolve the issue while I am incarcerated. Please send me information concerning fines, fees, or future court dates to Rockville Correctional Facility." The defendant also filled in blanks on the form and stated, "I would like to run these matters concurrent and get all my time done in treatment programs & different person [*sic*]."

¶ 8 A writ of *habeas corpus* was issued on July 21, 2022, for the defendant to be transported to White County, Illinois, and appear in the White County circuit court on September 26, 2022. The writ was executed on the defendant, and she was served with the Illinois warrant on September 23, 2022.

¶ 9 On September 26, 2022, the defendant appeared in person before the trial court and entered a negotiated plea of guilty. The State explained that the defendant was pleading guilty to the offense of escape, a Class 3 felony, in exchange for the recommendation that she be sentenced to six years in the Illinois Department of Corrections (ILDOC), given three days of pretrial credit, and ordered to pay a fine of $543 plus the assessment. The six-year sentence would run consecutively to the sentence imposed in People v. O'Brien, No. 2020-CF-9 (Cir. Ct. White County). The defendant confirmed that this was the agreement she reached and that she understood it. The defendant signed a written plea of guilty and waiver of jury, which was filed on September 26, 2022. The trial court found the plea agreement to be entered into knowingly and voluntarily

and admonished the defendant regarding her appeal rights and the necessity to file a motion to withdraw her guilty plea within 30 days.

¶ 10    On September 28, 2022, the defendant sent a *pro se* letter to Judge Webb and the sheriff. The letter was filed and stated, *inter alia*, "I [am] requesting appeal even though scared to death to request an appeal but not sure what else to do." The defendant's letter stated it was her understanding that she would be serving her sentences in Illinois before returning to Indiana. She requested that she be allowed to start serving her time in Illinois.

¶ 11    The same day, the trial court conducted a hearing with the defendant present in person, accompanied by her appointed counsel. The trial court stated, "I had you brought over because you sent a letter basically saying that you wanted to withdraw your guilty plea that you entered into Monday." The trial court noted that the defendant had 20 to 30 minutes to speak with her appointed counsel before the hearing began and asked counsel to proceed.

¶ 12    Mr. Shinkle, the defendant's attorney, reported to the trial court that, "it is not her request to withdraw the guilty plea from yesterday. We discussed that, and she intended to enter that plea. She believed that six years was a reasonable number."

¶ 13    After withdrawing what was interpreted as a motion to withdraw guilty plea, the trial court and the defendant discussed her understanding that she would be serving her sentences[1] in Illinois before being transferred back to Indiana. The trial court explained she would be required to complete her sentence in Indiana before her Illinois sentences were served as all the sentences were ordered to be consecutive. The defendant commented, "So I'm going to be doing like 29

---

[1]In People v. O'Brien, No. 2019-CF-140 (Cir. Ct. White County), the defendant was sentenced to three years' imprisonment in ILDOC for the offense of aggravated battery, a Class 3 felony. In People v. O'Brien, No. 2020-CF-9 (Cir. Ct. White County), the defendant was sentenced to five years' imprisonment in ILDOC for the offense of delivery of methamphetamine, a Class 1 felony, with this sentence to be served consecutive to the sentence imposed in 2019-CF-140.

4

years?" As the discussion continued, the trial court noted that it had lost jurisdiction regarding the three-year and five-year sentences.

¶ 14    The following colloquy occurred between the trial court and defendant:

"THE COURT: So, just for the record, you didn't really call it a Motion to Withdraw, but your attorney and I referred to it as a motion to withdraw, you are withdrawing any desire not to have that agreement that you went into on Monday, correct?
THE DEFENDANT: Yeah.
THE COURT: So this one says Appeal Motion to Withdraw, so you're not appealing or withdrawing anything that happened on Monday, is that right?
THE DEFENDANT: Yeah, I don't want to get no more time.
THE COURT: Okay.
THE DEFENDANT: I mean, I'd appeal it if I'd get less, but I can't afford no more time.
THE COURT: Well, I'm not saying you would get—you wouldn't get more. You might get the same. But if you withdraw, there's a possibility that everything would change. You really don't have—*the first thing you have to do is file a Motion to Withdraw*, *okay?*
THE DEFENDANT: Okay.
THE COURT: Because it was a negotiated plea. If you withdraw, then we all start from scratch and—if the Court allows you to do that—then we go back where there is a possibility that you could get more.
Now, if the Motion to Withdraw is denied, within 30 days from the date of denial, you have a notice—you have to file a Notice of Appeal." (Emphasis added.)

¶ 15    The defendant sent another letter to Judge Webb which was dated September 30, 2022. The letter was stamped "Received Oct 12," but it was not file stamped. The letter stated, *inter alia*, "I'm appealing case #2021-CF-107" on the grounds that the sentence range for the charged offense was two to five years and she received six years' incarceration. The letter also claimed that her appointed attorney, Mr. Shinkle, had represented both her and a codefendant in cases 2019-CF-140 and 2020-CF-9. She alleged Mr. Shinkle had a conflict of interest and that "he told me if [I] didn't take 6 yrs. that you your honor would give me 10 yrs. or more." The defendant requested a new lawyer, and to appeal.

¶ 16    The docket entry that accompanied the receipt of the September 30 letter does not indicate that the correspondence was provided to Judge Webb. The docket entry of October 12, 2022,

5

entered by "GCW" stated, "Correspondence received from defendant. Correspondence mailed to defendant along with blank Notice of Appeal and return envelope." The correspondence sent to the defendant was from the White County circuit clerk and stated, "Please be advised we have received your correspondence regarding your wish to appeal (received 10/12/22 and placed in your file). Please fill out the enclosed Notice of Appeal as soon as possible and return to our office. If there are any questions, please advise."

¶ 17    The defendant sent a handwritten document to the trial court with a caption at the top and the date of October 17, 2022. This document was stamped "Received Oct 24," and again was not file stamped. The corresponding docket entry states, "Correspondence received from Defendant. Notice of Appeal filed." The document stated, *inter alia*, as follows:

> "I'm petitioning the court to file post-conviction relief Rule 1 on cases 2019-CF-140, 2020-CF-9, and 2021-CF-107. I'm filing for this because co-defindent [*sic*] Jefferey Newman has worse record than me and got lesser sentence so did everyone else on operation white out. My lawyer that represented me also represented my co-defendant on same case before I was sentenced Brian Shinkle. I wrote to appeal case within 30 days to appellate court on cases 2019-CF-140 & 2020-CF-9 then to White County Court on 2021-CF-107."

¶ 18    A form notice of appeal that was completed by the defendant was filed on October 24, 2022. The notice of appeal indicated the defendant was appealing the offense of escape and the sentence of six years in ILDOC. The notice of appeal stated it was an appeal from a guilty plea and a motion to withdraw guilty plea was filed on October 18, 2022. The appeal also referenced the sentences the defendant had received in her Indiana case as well as her two other Illinois cases.

¶ 19    On October 25, 2022, the trial court made the following docket entry: "Court reviews correspondence. Based upon defendant's pending appeal, this court has no jurisdiction to address

6

matter at this time. Clerk to send copy of this entry to defendant." The notice of appeal was submitted to the appellate court and the Office of the State Appellate Defender was appointed to represent the defendant on appeal.

¶ 20                                    II. ANALYSIS

¶ 21    On appeal, the defendant contends the trial court erred by failing to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We review *de novo* whether the trial court failed to comply with the requirements of Rule 604(d). *People v. Baker*, 2020 IL App (3d) 180348, ¶ 15.

¶ 22    The defendant argues that defense counsel should have been appointed to assist her with the preparation and filing of a written postplea motion. The State argues that the present appeal should be dismissed because the defendant failed to file a motion to withdraw her guilty plea before filing a notice of appeal. Alternatively, the State argues that the defendant was represented by counsel when a hearing was held following her first postplea correspondence, and the second and third postplea letters pertained to an appeal, not a motion to withdraw her guilty plea. The defendant replies, arguing that the second and third postplea letters were the *pro se* defendant's attempt to withdraw her guilty plea and appeal.

¶ 23    Rule 604(d) sets forth, *inter alia*, the following:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. ***

7

\*\*\* The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 24     If a *pro se* defendant notifies the trial court that he or she wishes to withdraw a plea of guilty and appeal, the protections offered by Rule 604(d), including the appointment of counsel, are automatically triggered. *People v. Edwards*, 197 Ill. 2d 239, 256 (2001) (citing *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999)). Even if a *pro se* defendant does not comply with Rule 604(d) by filing a written motion, the trial court is required "to investigate whether a defendant desires counsel when the defendant manifests an interest in appealing his judgment and sentence." *Griffin*, 305 Ill. App. 3d at 331.

¶ 25     In this case, after entering a negotiated guilty plea, the defendant sent three postplea letters to the trial court, all within 30 days of her plea, indicating that she would like to appeal. The first *pro se* postplea letter stated that she was requesting an appeal but did not mention withdrawing her guilty plea. Regardless, the trial court treated the first letter as a motion to withdraw guilty plea and scheduled a hearing on the motion. At the hearing on the motion, the defendant was represented by counsel, and she ultimately withdrew the motion to withdraw. Thus, there was no failure to comply with Rule 604(d) at the hearing on the first letter as the defendant was represented by counsel.

¶ 26     The second handwritten *pro se* postplea letter stated:

8

"I'm appealing case #2021-CF-107 on grounds that charged with felony 3 carrys 2-5 yrs. I got 6 yrs. and the escape say's only for not turning self in on 2020-CF-9 failed to report to jail but was not charged with escape on 2019-CF-140 but warrant gone on it and bond applied on it to fines. I received copy of warrants on matters and one of 2021-CF-10 8-10-21 says escape failure to appear to report to jail. then two warrants then 2020-CF-9 & 2019-CF-140 12-2-21 say failure to appear to court for failure to appear on those charges already was sentenced to & had been court through zoom in Daviess County jail appointed attorney Shinkle also judgement entered Aug 02 2021 2021-CF-107. My bond was applied to schedule 5 generic misdemeanor & escape. *I'm requesting new councel* since Mr. Shinkle represented me and co-defendant Jeffery Newman on case 2020-CF-9 and 2019-CF-140 before I was sentenced on open plea conflict interest also since he told me if didn't take 6 yrs. that you your honor would give me 10 yrs. or more so my son begged me to take it and my mom hurt them enough. I'm asking for appeal new lawyer and dismissal to charge of escape for 2019-CF-140 since not listed on the escape for Aug. 2 2021 filed also for escape dropped down to failure to appeal or dropped since on warrent filed says failed to appear sentencing 12-2-21 already sentenced July 2021 and to not be judged by past on this request of habeaus corpus writ of appeal [*sic*]." (Emphasis added.)

¶ 27   In response to this letter, the defendant was mailed a blank notice of appeal form and a return envelope. It is not clear from the record on appeal whether the trial court was provided with the second postplea letter and directed the clerk to provide the defendant with a notice of appeal form, or if the clerk interpreted the correspondence and provided the notice of appeal form.

¶ 28   The second letter also does not mention withdrawing her guilty plea. Rather, it again states that the defendant would like to appeal. Additionally, this correspondence specifically requests the

9

appointment of new counsel. Given the language of the second postplea letter, the defendant manifested an interest in appealing her judgment and sentence. The defendant also specifically requested the appointment of counsel in her letter.

¶ 29    In response to the defendant's second postplea letter, the trial court had an obligation to appoint counsel to assist the defendant with the preparation of a postplea motion or find the defendant knowingly waived the right to appointed counsel. *Baker*, 2020 IL App (3d) 180348, ¶ 15. That did not occur, and instead, the defendant was mailed a blank notice of appeal form and return envelope.

¶ 30    After the defendant was provided with a notice of appeal form, the defendant mailed a third letter to the court with the completed notice of appeal, which was filed on October 24, 2022. On October 25, 2022, the trial court made a docket entry finding: "Court reviews correspondence. Based upon Defendant's pending appeal, this court has no jurisdiction to address matter at this time."

¶ 31    In this case, the trial court did not comply with the requirements of Rule 604(d) after receiving the defendant's second postplea letter and erred as a matter of law. *People v. Hinton*, 362 Ill. App. 3d 229, 234 (2005). If the trial court fails to satisfy the requirement of appointing counsel or finding a knowing waiver of the right to counsel, the case must be remanded for compliance with 604(d). *Baker*, 2020 IL App (3d) 180348, ¶ 15. This court makes no ruling on the merits of whether the defendant should be allowed to withdraw her guilty plea; however, she will be allowed the opportunity to file a new motion to withdraw with the assistance of counsel and for a hearing on the new motion.

¶ 32                                    III. CONCLUSION

¶ 33    For the foregoing reasons, we reverse the trial court's order of October 25, 2022, finding it

lacked jurisdiction and remand this case for further proceedings in compliance with Rule 604(d).

¶ 34    Reversed and remanded with directions.